813 F.2d 1227
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Matthew CAMINADE, Petitioner-Appellant,
v.
Allyn R. SIELAFF, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 86-7207.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1986.
Decided March 5, 1987.
 
 S.D.W.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (C/A No. 83-2349)
 Before HALL, CHAPMAN and WILKINSON, Circuit Judges.
 James Matthew Caminade, appellant pro se.
 Richard Bain Smith, Office of the Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 James Matthew Caminade, a Virginia inmate, filed suit under 28 U.S.C. Sec. 2254, alleging that:
 
 
 2
 (1) the state trial court violated his fifth and fourteenth amendment rights by requiring secured bonds on his three statutory burglary convictions when the sentences on those convictions had been suspended by the trial court; and
 
 
 3
 (2) the setting of secured bonds on those convictions was, in effect, a punishment against him for exercising his constitutional right to appeal.
 
 
 4
 Caminade sought to have the district court declare the bonds unconstitutional and permit his release during the pendency of his appeal of the burglary convictions to the Virginia Supreme Court.[1] Prior to entry of judgment by the district court, the Virginia Supreme Court decided Caminade's appeal, affirming two of the statutory burglary convictions and reversing the third for insufficiency of the evidence.[2] Because Caminade's state appeal has been decided, his federal habeas claim for release pending that appeal is moot.
 
 
 5
 In Murphy v. Hunt, 455 U.S. 478 (1982), the United States Supreme Court held, in the context of a 42 U.S.C. Sec. 1983 claim for declaratory and injunctive relief, that a criminal defendant's constitutional claim to pretrial bail became moot following his criminal conviction as even a favorable decision would no longer have entitled him to bail. The Court further held that the claim did not satisfy the "capable of repetition, yet evading review" exception to the general mootness rule. Murphy, 455 U.S. at 482. That exception applied when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Id. (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam)). The Court held that the theoretical possibility that the defendant's conviction could be reversed on appeal and a new trial ordered did not satisfy the requirement that there be a demonstrated probability that the same controversy would recur involving the same complaining party.
 
 
 6
 We reach a similar conclusion here--that the disposition of Caminade's state appeal has mooted his habeas claim for release pending that appeal. As Caminade's habeas action proceeded as an individual and not a class action,[3] Caminade must, to avoid a finding of mootness, show a reasonable likelihood that he will again be required to post bond on a conviction for which he received a suspended sentence and which he wishes to appeal. No such likelihood exists with respect to the statutory burglary convictions already appealed. Moreover, the possibility that Caminade will commit other crimes for which he will receive a suspended sentence and be required to post a secured bond pending appeal is too speculative to prevent dismissal of the case as moot.
 
 
 7
 Caminade suggested in the district court that the controversy remained live because he had recently filed a state collateral attack on his convictions and had sought bond from the state court pending litigation of his state habeas petition. Caminade has not indicated that the state court has granted him habeas bond in a secured amount. More fundamentally, however, any constitutional claim Caminade might wish to pursue with regard to state habeas bond would be quite different from his claims relating to bond pending direct appeal. Therefore, his interest in pursuing those issues would not save his initial claims from a finding of mootness.
 
 
 8
 The magistrate below, while recognizing that Caminade's claims appeared to be moot, alternatively found that the claims lacked merit, and recommended that the petition be denied and dismissed on the merits. The district court adopted this recommendation and dismissed the petition on its merits. If an action becomes moot prior to judgment, however, the trial court should refuse to make an adjudication of the moot issues and should instead dismiss the action as moot. See 6A J. Moore, J. Lucas and G. Grotheer, Moore's Federal Practice p 57.13 at 57-115 to -117 (2d ed. 1986). In accordance with this principle the judgment of the district court in this case should be modified to clarify that the dismissal is on grounds of mootness. We grant a certificate of probable cause to appeal, remand for modification, and affirm the judgment as modified. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 9
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 Caminade was convicted of attempted burglary as well as of the three charges of statutory burglary to which his bond claims relate. At the same proceeding in which he received suspended sentences on the statutory burglary convictions, Caminade received a ten year sentence, unsuspended, on the attempted burglary conviction. Caminade does not challenge the secured bond imposed for the attempted burglary conviction, but maintains that his ability to make bond was adversely affected by the additional amounts imposed for the statutory burglary convictions
 
 
 [2]
 As the third conviction was reversed for evidentiary insufficiency, Caminade is not subject to retrial on that charge; the Virginia Supreme Court's decision entered final judgment in all three cases
 
 
 [3]
 Caminade, who has been proceeding pro se, could not have prosecuted this action as a class action. Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975)