**Robert Jewell LANDMAN, Sr.**

v.

**Otis L. BROWN, etc., et al.**

**Civ. A. No. 185–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 7, 1972.

Robert Jewell Landman, Sr., pro se.

Vann F. Lefcoe, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This case represents yet another stage in the epic litigation of Robert Jewell Landman against the penal authorities of the Commonwealth of Virginia. It is a suit pursuant to 42 U.S.C. § 1983 for "in excess of ten million dollars" damages caused by defendants' allegedly unconstitutional acts toward plaintiff. Jurisdiction is invoked by virtue of 28 U.S.C. § 1343. The matter is now before the Court on the defendants' motion to dismiss on the grounds that plaintiff's claims are barred both by the statute of limitations and by the doctrine of res judicata and collateral estoppel.

The Court admits to encountering some difficulty in determining just what claims Landman asserts in this suit.

From an examination of the factual statement and the prayer for relief, the Court discerns three claims:

1. That the defendants denied Landman access to legal materials necessary to prepare a petition for a writ of habeas corpus;

2. That because of his arbitrary subjection to padlock and solitary confinement, Landman suffered physical injury for which he was denied medical care;

3. That the defendants caused false misconduct papers to be sent to the United States Board of Parole and otherwise interfered with his correspondence to that Board. It is alleged that this interference caused Landman to be detained by federal authorities for over a year after his release from the state prisons.

In his comprehensive factual statement, Landman makes mention of a complaint filed in an earlier case, Landman v. Slayton, C.A. No. 383–69–R, that was dismissed by the Court on procedural grounds. This complaint alleged in essence that plaintiff was denied parole by being kept in the maximum security building (C-Block) of the Virginia Penitentiary. Such detention was allegedly imposed both because of plaintiff's writ-writing proclivity and because of a then existing practice of imposing a more restrictive security status whenever a detainer had been lodged against an inmate. The Court in Landman v. Royster, 333 F.Supp. 621, 633 (E.D.Va.1971), found that Landman had indeed been illegally placed in maximum security status because of his writ-writing. A hearing for damages is scheduled in that action.

■ The Court is not certain whether Landman seeks to assert in this action that the consideration of detainers against prisoners in determining their security status is unconstitutional. If he does, the Court concludes that the same result should be reached in regard to this claim as is reached in regard to the claim of lack of medical attention: both are encompassed by Landman v. Royster, *supra*, and may not be asserted in this action.

Although Landman v. Royster has not proceeded to final judgment, the Court concludes that the policy behind the doctrine of res judicata prohibits Landman from raising either of these two issues. It should be noted in this regard that all parties named as defendants in this case were also defendants in *Royster* by virtue of the class of defendants established. In its finding of facts, the Court concluded in *Royster* that plaintiff had been transferred to C-Block, to padlock, and to solitary confinement unlawfully. 333 F.Supp. at 631. It held that the defendants were liable to the plaintiff for his injuries and left to be decided what his damages were. In his allegation concerning the use of detainers, plaintiff asserts no more than another allegedly illegal reason for his transfer. The Court considers this claim to be a part of the same cause of action alleged in *Royster*. Both to conserve judicial resources and to prevent hardship on the defendants, the Court will not allow this claim to be made the subject of a separate action. See Mendez v. Bowie, 118 F.2d 435 (1st Cir. 1941); 1 B Moore's Federal Practice, ¶ 0.410[2] at 1163–64 (1965). It is dismissed.

Similarly, Landman's claim of a denial of medical care is encompassed by *Royster*. That decision considered the totality of conditions surrounding life in C-Block. Although the Court may not have considered the particular denial of medical treatment that Landman alleges, he is effectively able to redress that grievance through *Royster*. The damages that Landman may recover in *Royster* necessarily encompass any damage that may have been caused him by the denial of medical aid. In essence, the defendants could have mitigated by providing medical aid. Any injury that was not avoided by reason of their failure to do so will be recompensed by the recovery upon their principal liability. This action could secure for Landman nothing in addition to what he may already receive and can only serve to burden additionally

both the Court and the defendants. It shall be dismissed.

■ Landman alleges that from July 14, 1960, until June 30, 1969, the defendants consistently and systematically denied him access to legal materials necessary to prepare a petition for a writ of habeas corpus. While such a claim unquestionably states a cause of action, Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), Landman is barred from asserting it by the statute of limitations.

■ The statute of limitations in Virginia for an action under 42 U.S.C. § 1983 is two years. Almond v. Kent, 459 F.2d 200 (4th Cir., 1972). This period commenced running on June 30, 1969, the date on which the allegedly continuous denial finally ceased. Landman urges strenuously that the running of the statute was tolled on December 8, 1970, upon his filing of a motion to add an amended complaint in Landman v. Slayton, C.A. No. 383–69–R, raising this issue. Even if it was tolled, however, the statute recommenced running on February 3, 1971, when the Court denied Landman's motion to amend his complaint on procedural grounds. Landman calls the Court's attention to an order in that case issued on March 20, 1972, which purported to deny plaintiff's motion to amend his complaint. The Court is convinced that this order was an oversight and that the motion to amend had already been denied by the Court. Accordingly, the statute of limitations had started to run once more on February 3, 1971. By April 17, 1972, the date of the filing of this action, two years had passed, and the action is barred.

■ Landman's final claim is that the defendants caused false misconduct reports to be forwarded to the United States Board of Parole and otherwise interfered with his contacts with the parole board. He alleges that this resulted in additional detention with federal authorities that he would not otherwise have incurred. This claim was not encompassed by Landman v. Royster, *su-*

*pra,* and it alleges possible damages that are not recoverable in that case. Since the alleged injury was not incurred until August of 1970, it is not barred by the statute of limitations. The defendants will be directed to answer this claim.

An order in accordance with this memorandum shall issue.