**Craig Martin OXENDINE, and all other inmates similarly situated at the Caswell County Unit of the North Carolina Department of Correction, Appellant,**

v.

**George R. WILLIAMS, Individually and in his official capacity as Superintendent of the Caswell County Subsidiary Unit of the North Carolina Department of Correction, Appellee.**

**No. 74–1687.**

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 21, 1974.

Decided Feb. 12, 1975.

---

Craig Martin Oxendine, pro se.

Jacob L. Safron, Asst. Atty. Gen., for the State of North Carolina.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

PER CURIAM.

Seeking injunctive relief and damages for alleged deprivation of constitutional rights, Craig M. Oxendine brought this *pro se* class action under 42 U.S.C. § 1983 for himself and all other inmates of the Caswell County Unit of the North Carolina Department of Correction. He alleged five constitutional violations: (1) inmates are denied adequate medical treatment; (2) living conditions are so crowded and unsanitary as to constitute a threat to their health; (3) inmates are denied sufficient clean clothing; (4) inmates are denied reasonable access to the courts; and (5) inmates are not allowed physical contact with their families. After considering affidavits submitted by both parties, the district court granted summary judgment for the defendant against Oxendine and the class consisting of "all inmates incarcerated at the Caswell County Unit."

Oxendine's request for an injunction against prison policies that affect all inmates places this class action under Fed.R.Civ.P. 23(b)(2). *See* Robinson v. Lorillard Corp., 444 F.2d 791, 802 (4th Cir. 1971); 7A Wright & Miller, Federal Practice and Procedure § 1775, at 19–22. A judgment against him may prevent the other inmates from later raising the same claims. Fed.R.Civ.P. 23(c)(2).* It follows that unless he can "fairly and adequately protect the interest of the class," he may not represent it. Fed.R.Civ.P. 23(a)(4); *see* 7 Wright & Miller, Federal Practice and Procedure § 1765, at 617–22. Ability to protect the interests of the class depends in part on the quality of counsel, Gonzales v. Cassidy, 474 F.2d 67 (5th Cir. 1973), and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others. *Cf.* Anderson v. Moorer, 372 F.2d 747, 751 n. 5 (5th Cir. 1967). Neither Oxendine nor any other prisoner has assigned error to the class aspect of this case, but it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action. *Cf.* Ferrara v. Sheraton McAlpin Corp., 311 F.2d 294, 297 (2d Cir. 1962).

We may deal with four of Oxendine's individual claims briefly. The prison's medical records show that he has received treatment from the prison doctor within a reasonable time of his requests. *See* Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970); Blanks v. Cunningham, 409 F.2d 220 (4th Cir. 1969). The affidavits show that the prison living conditions, though less than ideal, do not constitute cruel and unusual punishment. *See* Landman v. Peyton, 370 F.2d 135 (4th Cir. 1966). No evidence was presented that incoming or outgoing legal mail was read or censored. Finally, Oxendine has no constitutional right to physical contact with his family.

Oxendine's contention that he was denied access to the courts must be heard on the merits. He has supported by affidavit his claim that legal materials were confiscated from prisoners and that writing supplies were not available. The superintendent, however, stated that inmates are allowed to use the materials they have for writing and are provided with implements and paper for that purpose. There is, then, a genuine issue of material fact on these points. Viewed most favorably to Oxendine, *see* Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966), the records show the possibility of unreasonable interference with access to the courts. Gilmore v. Lynch, 319 F.Supp. 105 (N.D.Cal.1970), aff'd sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971); *see* Landman v. Brown, 350 F.Supp. 303, 306 (E.D.Va. 1972).

Accordingly, the judgment against the class is vacated. The judgment against Oxendine is affirmed with respect to medical care, living conditions, laundry, censorship of mail, and access to his family, but it is vacated and remanded for a hearing on the merits of his claim that he was denied the use of legal and writing materials.

---

* The record does not show whether the other inmates of the unit received notice of the suit. It is disputed whether the parties to a Rule 23(b)(2) class action are bound by an adverse judgment in the absence of notice. Although Fed.R.Civ.P. 23(c)(3) provides that they are, it has been suggested that this would be a denial of due process. *Compare* Schrader v. Selective Service System Local Board No. 76 of Wisconsin, 470 F.2d 73 (7th Cir. 1972), *with* Gonzales v. Cassidy, 474 F.2d 67, 74 (5th Cir. 1973). *See generally* 3B Moore, Federal Practice ¶ 23.72; 7A Wright & Miller, Federal Practice and Procedure §§ 1789, 1793.