872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glen MEADOWS, Plaintiff-Appellant,
v.
A.V. DODRILL, Jr., Commissioner of Corrections, Jerry C.
Hedrick, Warden of West Virginia Penitentiary, Rick P. Lohr,
Major-Chief of Security/Chief Correctional Officer, John
Hepburn, Major Institutional Investigator, and all John
Does, on the West Virginia Penitentiary Classification
Committee who have set on hearings involving plaintiff,
Defendants-Appellees.
 No. 88-6841.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 15, 1989.
Decided March 27, 1989.
 
 Glen Meadows, appellant pro se.
 Before WIDENER, DONALD RUSSELL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glen Meadows, a West Virginia inmate, appeals from the district court order dismissing his claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1915(d). Meadows alleged in his complaint that he was not allowed to call witnesses at his first prison classification hearing, he was placed in assaultive status rather than protective custody status after this hearing and without his having demonstrated assaultive behavior, his visitation privileges with his daughter and ex-wife were unjustly limited, and his almost continual confinement in a five-foot by seven-foot cell constituted cruel and unusual punishment. These claims do not present constitutional violations cognizable under 42 U.S.C. Sec. 1983.
 
 
 2
 Meadows was not denied due process when he was not allowed to call witnesses at his classification hearing or when he was placed in Administrative Assaultive Status rather than Protective Custody Status/Administrative Segregation because these actions involved no protected liberty interest. Hewitt v. Helms, 459 U.S. 460 (1983) (due process violations occur only when a liberty interest has been created). "A state creates a protected liberty interest by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The West Virginia Penitentiary Rules and Regulations place no substantive limitations on the classification committee's authority to change a prisoner's custody classification or status category. Therefore, Meadows has not suffered a due process violation.
 
 
 3
 Meadows' allegations concerning the conditions of his confinement do not state an eighth amendment violation, as Meadows fails to allege any facts suggesting his confinement has been harmful to his health. Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir.1975) (en banc).
 
 
 4
 Finally, the changes in Meadows' visitation privileges were not unconstitutional. Meadows was allowed to receive visits from his daughter, and he had no constitutional right to contact visits. Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975). Meadows complains that his ex-wife was denied visitation privileges for security reasons. Given the state's compelling interest in prison security, we must defer to their expert judgment in this matter. Bell v. Wolfish, 441 U.S. 520 (1979).
 
 
 5
 Accordingly, we affirm the order of the district court and dispense with oral argument, as the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.