887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary A. SANSOCIE; Evelio Santiago Corcho; Kenneth Peter
Lane; Trevor O'Neil Forbes; Robert Raymond Proulx; John
Steve Kocis; Antonio Cuero-Flores; Alberto Cuero-Flores;
Jonathan Scott Baldwin; Wyman Jenkins, Jr.; Raymond
Richardson; Oscar Garcia; Edison Davaro Hernadiz,
Plaintiffs-Appellants,
v.
Benjamin F. BAER, Chairman of the United States Parole
Commission, Defendant-Appellee.
 No. 89-7030.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 16, 1989.
Decided: Oct. 6, 1989.
 
 Gary A. Sansocie, Evelio Santiago Corcho, Kenneth Peter Lane, Trevor O'Neil Forbes, Robert Raymond Proulx, John Steve Kocis, Antonio Cuero-Flores, Alberto Cuero-Flores, Jonathan Scott Baldwin, Wyman Jenkins, Jr., Raymond Richardson, Oscar Garcia, Edison Davaro Hernadiz, appellants pro se.
 Before HARRISON L. WINTER, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary A. Sansocie and eleven other inmates, while incarcerated at the federal correctional institution in Ashland, Kentucky, and Alberto Cuero-Flores, a federal inmate incarcerated at the federal correctional institution in Otisville, New York, brought a class action in the nature of mandamus to compel the United States Parole Commission to set a release date from federal custody that is within each petitioner's parole guidelines. The action was filed in the federal district court in Maryland because the headquarters of the Parole Commission is located in Chevy Chase, Maryland. By order entered October 12, 1988, the district court (1) denied class certification pursuant to Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975), (2) found that cases against the Parole Commission would not lie in the Maryland district under mandamus because habeas corpus is available, (3) construed the mandamus action to be a habeas corpus action under 28 U.S.C. Sec. 2241, and (4) transferred the action, as construed, to the Eastern District of Kentucky, the federal district court where all but one of the petitioners were incarcerated. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). Appellants appeal the transfer order. We construe the transfer order to be pursuant to 28 U.S.C. Sec. 1631, and, as construed, affirm.
 
 
 2
 Although it is true that appellants complain of certain inaction on the part of the United States Parole Commission, it is the wardens at the federal correctional institutions where they are incarcerated--not the Parole Commission--who holds them in custody. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). Because these wardens cannot be reached by service of process within the District of Maryland, the district court correctly determined that it was without jurisdiction. See also Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-14 (D.C.Cir.1988) (en banc) (Sec. 2241 habeas corpus is the exclusive remedy for challenges to the allegedly erroneous calculation of parole eligibility dates; moreover, the petition must be brought in the judicial district of the court having personal jurisdiction over the petitioner's custodian); Guerra v. Meese, 786 F.2d 414 (D.C.Cir.1986) (rejecting the proposition that the United States Parole Commission is the petitioner's "custodian" for challenges to parole commission actions). Accordingly, the district court's order is affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.*
 
 
 3
 AFFIRMED.
 
 
 
 *
 Because Alberto Cuero-Flores was incarcerated in New York at the time that the petition was filed the district court should have dismissed the action without prejudice as to him, or severed his petition and transferred it to the appropriate New York judicial district, instead of transferring his action to the Kentucky district court. The error, however, has been rendered harmless because the record reveals that the Kentucky district court has dismissed Alberto Cuero-Flores' claim without prejudice for lack of jurisdiction