923 F.2d 850
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel WHISENANT, and The Inmates of the Cabell County Jail,
Plaintiff-Appellant,
v.
Jerry HUTCHINSON, Cabell County Jail Administrator,
Defendant-Appellee.
 No. 90-6372.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 27, 1990.
Decided Jan. 17, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Charles H. Haden, II, Chief District Judge. (CA-90-683)
 Daniel Whisenant, appellant pro se.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Whisenant, a West Virginia inmate, brought this 42 U.S.C. Sec. 1983 action on his own behalf, and on behalf of the inmates of the Cabell County Jail, alleging various constitutional violations arising from jail conditions and practices. The district court declined to certify a class action and dismissed the case, sua sponte, under 28 U.S.C. Sec. 1915(d) as frivolous. Whisenant appealed. We affirm in part, vacate in part, and remand.
 
 
 2
 The district court's decision not to certify this case as a class action was proper. Oxendine v. Williams, 509 F.2d 1405, 1406 (4th Cir.1975).
 
 
 3
 Claims which are based upon "indisputably meritless legal theories" or "clearly baseless" factual contentions may properly be dismissed as "frivolous" under Sec. 1915(d). Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S.1989). However, where a plaintiff proceeds under at least an arguable legal theory, and his factual allegations are not entirely fanciful, dismissal under Sec. 1915(d) is inappropriate. Id.
 
 
 4
 Applying this standard to the present case demonstrates that the district court's dismissal of Whisenant's claims regarding visitation facilities (claim 2), indifference to medical needs (claim 4), the law library and legal advocate (claim 5), the inmate classification system (claim 6), telephone access (claim 7), and food handling (claim 8) was proper. These claims were either based upon meritless legal theories or were unsupported by even the minimal factual allegations required by Sec. 1915(d). Accordingly, the district court's dismissal of these claims is affirmed.
 
 
 5
 Whisenant's claims concerning excessive heat (claim 1) and his placement in segregation (claim 3) should not have been dismissed as frivolous. Inadequate heating or ventilation may reach the level of cruel and unusual punishment. Bolding v. Holshouser, 575 F.2d 461 (4th Cir.), cert. denied, 439 U.S. 837 (1978). In his complaint Whisenant alleges that temperatures in the jail reach 110 degrees and that the heat renders sleep impossible. Since this claim is supported by a meritorious legal theory of recovery, and since Whisenant has alleged sufficient factual support, its dismissal under Sec. 1915(d) was improper.
 
 
 6
 Whisenant alleges that he was improperly placed in segregation after an incident in which he contends he was not involved. This claim was not addressed in the district court's memorandum opinion. If jail regulations regarding segregation create a protected liberty interest Whisenant may have been entitled to informal, nonadversarial review of his case. Hewitt v. Helms, 459 U.S. 460, 476 (1983). The present record does not contain the Cabell County Jail's regulations nor did the district court discuss them.
 
 
 7
 Upon remand the district court should determine whether the regulations create a liberty interest. If they do not create a liberty interest then dismissal of this claim may well be proper. If the regulations do create such an interest further investigation into the claim will be merited to determine whether the requirements of Hewitt were complied with. This claim was improperly dismissed.
 
 
 8
 We express no opinion as to whether the excessive heat or improper segregation claims will survive a well-pleaded Rule 12(b)(6) or summary judgment motion.* We conclude, however, that the complaint is minimally adequate under Neitzke as to these two claims to survive dismissal as frivolous under Sec. 1915(d).
 
 
 9
 Accordingly, we affirm the judgment of the district court as to claims 2, 4, 5, 6, 7, and 8; we vacate the judgment as to claims 1 and 3 and remand these for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Should it become apparent upon remand that the present defendant is not the proper one, or that others should be joined, the plaintiff should be informed that an amended complaint is necessary. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978)