932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudy STANKO, Rev., individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
William STORY, Warden, Defendant-Appellee.
 No. 90-6549.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 BEFORE KRUPANSKY and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 Rudolph Stanko, a pro se federal prisoner, appeals from the district court's order denying his petition for injunctive and declaratory relief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On September 19, 1990, while confined at the Federal Correctional Institution at Ashland, Kentucky, Stanko was involved in an altercation for which he was placed in segregation pending a disciplinary hearing. Stanko requested one of three named persons to represent him at the hearing. This request was denied and he was represented by a member of the staff. At the conclusion of the hearing, Stanko was found guilty of fighting and received a sanction of 21 days in disciplinary detention.
 
 
 4
 On October 16, 1990, Stanko filed the petition that forms the basis for this appeal. Stanko requested several forms of relief in his petition for injunctive relief: 1) an indoor exercise area for all inmates confined to detention or segregation; 2) daily access to his legal materials; 3) legal representation of choice at disciplinary hearings; 4) release from detention to the general population; and 5) that the Bureau of Prisons be prohibited from repeatedly transferring him. Stanko filed his petition individually and on behalf of other prisoners similarly situated.
 
 
 5
 On November 21, 1990, the district court entered a memorandum opinion and order denying Stanko's petition. The court also summarily dismissed the action with prejudice.
 
 
 6
 On appeal, Stanko claims that the district court's sua sponte dismissal of his action violated the dictates of Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Stanko further argues that the district court erroneously failed to make a ruling on the certification of his case as a class action pursuant to Fed.R.Civ.P. 23(a), (b)(2), and (3).
 
 
 7
 Upon consideration, we affirm the district court's order. First, the allegations concerning Stanko's choice of representation during his prison disciplinary hearing were clearly frivolous under 28 U.S.C. Sec. 1915(d). See Abbott v. Meese, 824 F.2d 1166, 1169 (D.C.Cir.1987) (citing Gometz v. Henman, 807 F.2d 113, 116 (7th Cir.1986)).
 
 
 8
 Second, concerning the class action issue, an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam).
 
 
 9
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation