932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory HAMMOND, Plaintiff-Appellant,
v.
Michael J. O'DEA, III, John Wigginton, J. Barker,
Correctional Sergeant, Defendants-Appellees.
 No. 91-5089.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Gregory Hammond, a pro se Kentucky prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Hammond sued these state prison officials in their individual and official capacities alleging his fourth amendment privacy rights were violated when he was denied freedom from unrestricted observation of his genitals and bodily functions by members of the opposite sex when: 1) female guards, caseworkers and administrators were routinely assigned duties that permitted them to periodically view him in various stages of undress and while using toilet facilities; and 2) outside visiting groups containing female members were permitted to view his genitals and bodily functions. Hammond also alleged that he was denied performance of his bodily functions altogether when he was refused permission to use the toilet when female officers were assigned certain responsibilities.
 
 
 3
 The magistrate initially recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Hammond's claims for monetary and injunctive relief were barred by the eleventh amendment; that Hammond had failed to set forth specific factual allegations regarding who was responsible for which violations; that respondeat superior would not support a Sec. 1983 action; and that Hammond's allegation that female guards had the opportunity for unrestricted observation did not state a claim. Hammond filed objections to the magistrate's report, and a motion to amend the complaint. The district court granted Hammond's motion, and thereafter Hammond filed an amended complaint where he sought class certification. Hammond alleged that his privacy rights and the rights of all male inmates incarcerated at Eastern Kentucky Correctional Complex had been violated.
 
 
 4
 In his second report, the magistrate recommended the amended complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Hammond's complaint could not proceed as a class action because pro se prisoners were not adequate class representatives able to fairly represent the class. The magistrate also found that Hammond was without standing to assert those claims of his fellow inmates regarding: 1) female prison officials being assigned duties which allowed them to view male prisoners in various stages of undress and while using toilet facilities; 2) that female members of outside visiting groups were permitted to view inmates' genitals and bodily functions; and 3) female guards routinely frisk-search male inmates placing their hands on the inmates' genitals.
 
 
 5
 The magistrate found that Hammond only had standing to assert those claims that on July 26, 1990, a female officer saw him using the toilet, and that on June 17, 1990, he was denied permission to use the toilet. The magistrate concluded that neither claim warranted relief. The district court adopted the magistrate's recommendation after reviewing Hammond's objections. On appeal, Hammond reasserts his claims and has filed a pro se brief. Defendants have notified the court that they will not be filing a brief.
 
 
 6
 Initially, we note that the district court properly denied class certification because pro se prisoners are not adequate representatives fairly able to represent the class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam).
 
 
 7
 Upon review, however, we conclude that the district court's dismissal in the pleading stage of the litigation was premature. In his second report, the magistrate found that Hammond only had standing to assert claims regarding two incidents. Hammond filed objections to the report and stated that his naked body has been routinely exposed to both female officials, and to visitors on a daily basis. The district court did not address this factual inconsistency de novo in its order adopting the magistrate's report.
 
 
 8
 We conclude that Hammond's allegations have an arguable basis in law and are therefore actionable. See Neitzke v. Williams, 490 U.S. 319 (1989). Hammond retains some vestiges of privacy to be free from forced exposure of his body to strangers of the opposite sex when not reasonably necessary. See Kent v. Johnson, 821 F.2d 1220, 1226-27 (6th Cir.1987). Consequently, the amended complaint should have been served on the defendants so they could respond to Hammond's allegations and possibly show that observation by females was casual, infrequent and reasonably related to a legitimate prison concern. See Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir.1988); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir.1985). We express no opinion as to the ultimate merits of the case, but simply conclude that Hammond's allegations are actionable and that he is entitled to submit additional evidence in support of his claims.
 
 
 9
 Accordingly, the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.