998 F.2d 1011
 26 Fed.R.Serv.3d 447
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard VANEGRIFT; Gerald Davis Fuller; Donald Cottman;
Thornell Marshall; Gerald C. Collier; Angelo Carter;
Rodney Ballentine; Dale Werdin; Robert Quailes; Michael
Kelly Campbell; Thomas Roderick Jones; David N. Blades;
Larry Berry; Bernard L. Brice; Robert Leon Buckner; James
C. Johnson; Richard Makofski; Robert Germann; Ralph Ashe;
Larry D. Johnson; Robert Steele; Manley Terry; John J.
Sawyer; David Lovins; Paul Warden Davis; James Barkley;
Richard L. Fletcher; James Newell; Craig Simms; Reginald
Clay; Brian Mathews; Contee Hursey; Maurice Yancy; Alvin
Thomas; Bert Turner; Bernard Jones; Donald Rankin;
Cajetan Ohakwe; Donald E. Waddell; James Chavis; Jarris
Briscoe; Antonio Mathews; William Christopher Brown;
Richey Franks; James B. Mills; Richard Harris; William
Berkley; Lodrick Cunningham; Donyea Richards; Thomas Neal;
Charles Robinson; Joseph Batson; Eric Bernadyn; Zaza
Campbell; Charvin Wilson; John Ironshell; Donald
Henderson; Antonio Beverly; Michael Gee; Todd Winkler;
Nathaniel Issac; Kenneth McNeill; Phillip Bua; Arnold
Morris; Wayne Wickes; Joseph Wood; Bruce Martin; Bryon
Jefferys; Eddie Collins; Theodore Richards; Milton Jones;
Foster Covert; Eli Brown; Bryant Collins, Plaintiffs-Appellants,
and
Chris ELEY; Herbert Niles; Shawn Ogborn; Mark Shelton;
Kevin Sullivan; Nathaniel Isaac; Charles Keels,
Plaintiffs,
v.
Kenneth E. TAYLOR; Richard A. Lanham; Merry Coplin;
Bishop L. Robinson; Melvin A. Steinberg; William
Donald Schaefer, Defendants-Appellees,
and
Melanie C. PEREIRA, Warden, Maryland Correctional Institute
for Women, Defendant.
Robert Leon BUCKNER; John Ironshell; Richard Makofski;
Donald Henderson; Charles Robinson; Zaza Campbell;
Antonio Beverly; Robert Germann; Michael Gee; Charvin
Wilson; Donyea Richards; Ralph Ashe; Robert Steele; John
J. Sawyer; Paul Davis; Bert Turner; Donald Rankin;
Donald E. Waddell; Jarris Briscoe; William Christopher
Brown; Ricky Franks; Richard Harris; Lodrick Cunningham;
Larry E. Johnson; Manley Terry; David Lovins; James
Barkley; Bernard Jones; Cajetan Ohakwe; James Chavis;
Antonio Mathews; Nathaniel Issac; James B. Mills; William
Berkley; Kenneth McNeill; Arnold Morris; Wayne Wickes;
Joseph Wood; Bruce Martin; Bryon Jefferys; Eddie Collins;
Theodore Richards; Milton Jones; Foster Covert; Bryant
Collins; Phillip Bua; Joseph Batson; Richard L. Fletcher;
James Newell; Craig Simms; Reginald Clay; Brian Mathews;
Contee Hursey; Maurice Yancy; Alvin Thomas; Eli Brown;
Todd Winkler; Thomas Neal; Eric Bernadyn, Plaintiffs-Appellants,
v.
Kenneth E. TAYLOR; Richard A. Lanham; Merry Coplin;
Bishop L. Robinson; Melvin A. Steinberg; William
Donald Schaefer; Melanie C. Pereira,
Defendants-Appellees.
Althea BROWN, Appellant,
v.
Patricia PROVENZA: Amy Bolte; Gracie Davis; Eolin Beane,
Plaintiffs-Appellants,
Kenneth E. TAYLOR; Richard A. Lanham; Merry Coplin;
Bishop L. Robinson; Melvin A. Steinberg; William
Donald Schaefer, Defendants-Appellees.
Christian BOWIE; Candice Sutton; Doris Harrison; Jean
Bundons; Patricia Clee; Jody Boyd; Donna L. White; Denise
W. Thomas; Laschell Smith; Pamela Givens; Pauline Sewell;
Bulah Sheffield; Ozelle Carter; Paula Clark; Hattie Hill;
Cynthia D. Smith; Michelle Mason; Jenine Baker; Janet L.
Mitchell; Cathy Moore; Marvaia Greene; Wanda Conaway;
Deanne Lockley; Jacqueline Maddox; Rose Tines; Sharon M.
Bryant; Linda James; Beverly King; Gloria Tippitt;
Rosilyn Pittman; Victoria Osuagwu, Plaintiffs-Appellants,
and
Yvonne CONWAY; Catherine Glover; Amelia O'Conis; Amy
Bolte; Gracie Davis; Carol A. Dryden; Bonnie Long; Susie
Feaster; Tonya Brown; Cynthia L. Smith; Donna Denson;
Mary P. Jefferies; Kimberly Dixon; Joann Reyes; Wendy
Richardson; Gilda Cumbo; Robin Stanley; Lola Hicks;
Eoline Beane; Jacqueline Carr; Deborah Kennedy; Harriett
Carnes; Kimberly Davis; Miggie Shaw; Cynthia McKay;
Kimberly Anders; Lynda S. Railey; Debra L. Carter; Mary
Wheatley; Dorothy Dobson; Gloria Schroll; Doris
McCaskill; Patricia Provenza; Rudera Bailey; Tamala
Tucker; Catherine Barnett, Plaintiffs,
v.
Kenneth E. TAYLOY; Richard A. Lanham; Merry Coplin;
Bishop L. Robinson; Melvin A. Steinberg; William
Donald Schaefer, Defendants-Appellees.
 Nos. 93-6067, 93-6217, 93-6218, 93-6219.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 18, 1993.
Decided: July 28, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-2879-S)
 Richard Vanegrift, Gerald Davis Fuller, Donald Cottman, Thornell Marshall, Gerald C. Collier, Angelo Carter, Rodney Ballentine, Dale Werdin, Robert Quailes, Michael Kelly Campbell, Thomas Roderick Jones, David N. Blades, Larry Berry, Bernard L. Brice, Robert Leon Buckner, James C. Johnson, Richard Makofski, Robert Germann, Ralph Ashe, Larry D. Johnson, Robert Steele, Manley Terry, John J. Sawyer, David Lovins, Paul Warden Davis, James Barkley, Richard L. Fletcher, James Newell, Craig Simms, Reginald Clay, Brian Mathews, Contee Hursey, Maurice Yancy, Alvin Thomas, Bert Turner, Bernard Jones, Donald Rankin, Cajetan Ohakwe, Donald E. Waddell, James Chavis, Jarris Briscoe, Antonio Mathews, William Christopher Brown, Richey Franks, James B. Mills, Richard Harris, William Berkley, Lodrick Cunningham, Donyea Richards, Thomas Neal, Charles Robinson, Joseph Batson, Eric Bernadyn, Zaza Campbell, Charvin Wilson, John Ironshell, Donald Henderson, Antonio Beverly, Michael Gee, Todd Winkler, Nathaniel Issac, Kenneth McNeill, Phillip Bua, Arnold Morris, Wayne Wickes, Joseph Wood, Bruce Martin, Bryon Jefferys, Eddie Collins, Theodore Richards, Milton Jones, Foster Covert, Eli Brown, Bryant Collins, Althea Brown, Patricia Provenza, Amy Bolte, Gracie Davis, Eolin Beane, Christian Bowie, Candice Sutton, Doris Harrison, Jean Bundons, Patricia Clee, Jody Boyd, Donna L. White, Denise W. Thomas, LaSchell Smith, Pamela Givens, Pauline Sewell, Bulah Sheffield, Ozelle Carter, Paula Clark, Hattie Hill, Cynthia D. Smith, Michelle Mason, Jenine Baker, Janet L. Mitchell, Cathy Moore, Marvaia Greene, Wanda Conaway,Deanne Lockley, Jacqueline Maddox, Rose Tines, Sharon M. Bryant, Linda James, Beverly King, Gloria Tippitt, Rosilyn Pittman, Victoria Osuagwu, Appellants Pro Se.
 John Joseph Curran, Jr., Attorney General, Richard Bruce Rosenblatt, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Leon Buckner, and over one-hundred other Maryland inmates, appeal from an order of the district court granting Defendants' motion to dismiss, which the district court construed as a motion for summary judgment. Although Defendants failed to serve each Plaintiff with a copy of the motion, we find that the failure constituted harmless error, and affirm the district court's order.
 
 I.
 
 2
 Buckner brought this action, pursuant to 42 U.S.C.s 1983 (1988), seeking monetary damages and the retroactive application of a new provision of the Maryland Code, Md. Ann. Code art. 27, § 700 (1992), which increased the amount of good conduct time available for inmates sentenced after October 21, 1992, for non-violent and non-drug related crimes. According to Buckner, the provision violated the due process, equal treatment, and "non-discrimination" rights of all Maryland inmates sentenced prior to the effective date of the provision, and constituted cruel and unusual punishment for all ineligible inmates. In order to circumvent the district court's order denying his motion for class certification,[1] Buckner recruited inmates from his institution and other Maryland prisons to join his action as pro se coPlaintiffs or, as evidenced by the three cases consolidated herein with Buckner's appeal, to institute similar actions against the same Defendants.
 
 
 3
 Defendants filed a Fed. R. Civ. P. 12(b) motion to dismiss and served a copy thereof on Buckner. No other Plaintiff was served. The district court notified every Plaintiff in each case of the motion to dismiss, their right to respond thereunto, and the fact that failure to respond could result in dismissal of the action. When it subsequently decided to convert the Rule 12(b) motion to a motion for summary judgment, the district court sent a superseding notice to every Plaintiff in each case, informing them of the motion's conversion to a summary judgment motion, their right to respond, and the possibility of summary judgment in the event they failed to respond. At least fifty Plaintiffs replied, asserting their inability to respond due to Defendants' failure to serve them with copies of the motion. Buckner filed a substantive response.
 
 
 4
 Despite these allegations of insufficient service, the district court granted Defendants' motion and entered summary judgment. Plaintiffs appeal,[2] alleging error in the entry of summary judgment due to Defendants' failure to serve all Plaintiffs.
 
 II.
 A.
 
 5
 Our de novo review of the district court's order demonstrates the propriety of summary judgment as to the claims asserted by Buckner. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990) (de novo standard of review).
 
 
 6
 The Maryland provision is presumed to be constitutional under the Equal Protection Clause because "classification is the very essence of the art of legislation." Moss v. Clark, 886 F.2d 686, 689 (4th Cir. 1989). Because prisoners are not a suspect class, and because "there is no fundamental right to parole or to release from a sentence of incarceration that has itself been lawfully imposed," we apply a deferential, rather than strict, standard of scrutiny to the challenged statute. Id. at 690. In so doing, we must determine (1) whether the Maryland statute serves a legitimate state interest, and (2) whether the challenged classification is rationally related to that interest. Id.
 
 
 7
 Buckner's challenge to the statute focuses only on the rationality of the relationship between the state interest, the legitimacy of which he does not challenge, and the limitation of the new provision to inmates incarcerated after October 21, 1992. Proffered reasons for this classification of eligible inmates include the administrative impossibility and fiscal prohibitiveness of recalculating credit for the approximately 20,000 already-incarcerated inmates, and the fact that "good time" deductions are made only at the front end of the sentence.[3] Through the use of a requested expert witness, Buckner sought to establish that recalculation is indeed possible. Buckner makes no attempt to challenge the other proffered rationales.
 
 
 8
 The substantial deference and latitude typically accorded a legislature in its establishment of statutory classifications aimed at resolving perceived problems and accommodating competing concerns, Plyler v. Doe, 457 U.S. 202, 216 (1982), is particularly appropriate where, as here, a claim seeks the judicial evaluation of a"State's sensitive and difficult effort to encourage for its prisoners constructive future citizenship while avoiding the danger of releasing them prematurely upon society." McGinnis v. Royster, 410 U.S. 263, 269-70 (1973). The protection of state funds is also a valid state interest and difficult legislative decision best avoided by the judiciary. See Lyng v. International Union, United Auto., Aerospace, & Agricultural Implement Workers, 485 U.S. 360, 373 (1988). "The fact that some alternative means of attacking a problem suggests itself to courts is immaterial where the legislative judgment is a rational one." Moss, 886 F.2d at 692.
 
 
 9
 We find that Buckner failed to carry his burden of showing a genuine issue of material fact existed or that Defendants were not entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23. At trial, Buckner would have had the burden of showing the statute's irrationality and arbitrariness. See Kadrmas, 487 U.S. at 463, 465. The proffered reasons for limiting the new provision to inmates incarcerated after October 21, 1992, are both rational and reasonably related to the legitimate state interests embodied in the statute. We also reiterate the Supreme Court's rejection of the argument "that 'good time' extended to one class of inmates within a jurisdiction must perforce be extended to all." Moss, 886 F.2d at 690 (discussing McGinnis, supra ). It follows that the Maryland statute does not impinge rights afforded Buckner by the Equal Protection Clause.
 
 
 10
 Buckner's other constitutional arguments-due process, "nondiscrimination," and cruel and unusual punishment-are conclusory assertions of constitutional precepts neither substantiated by nor applicable to the facts of this case. It follows that the Maryland statute does not deprive Plaintiffs of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.s 1983. Because no genuine issue of material fact remains and Defendants are entitled to judgment as a matter of law, summary judgment was appropriately granted as to Buckner's claims. Celotex Corp., 477 U.S. at 322-23; Fed. R. Civ. P. 56(c).
 
 B.
 
 11
 As to the remaining Plaintiffs, it is true that every written motion, except those which may be heard ex parte, must be served on each party. Fed. R. Civ. P. 5(a). However,
 
 
 12
 [n]o error ... in anything done or omitted ... by any of the parties is ground for ... vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
 
 
 13
 Fed. R. Civ. P. 61; see also 28 U.S.C. § 2111 (1988). Every Plaintiff in the four cases consolidated herein asserts the same claims raised in Buckner's complaint. Because those claims are without merit, and because summary judgment was properly entered thereon, we find the unserved Plaintiffs have failed to demonstrate that their substantial rights were adversely affected by Defendants' violation of Rule 5(a). See Keller v. Prince George's County, 827 F.2d 952, 954-55 (4th Cir. 1987) (district court's error rendered harmless where plaintiff failed to state cause of action as a matter of law); see also Pregeant v. Pan Am. World Airways, Inc., 762 F.2d 1245, 1248 (5th Cir. 1985) (party asserting error as basis for reversal bears burden of proving that substantial rights were adversely affected thereby). Substantial justice in this case requires a finding that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law. Hence, summary judgment was also appropriately granted as to the claims asserted by the unserved Plaintiffs in these cases.
 
 
 14
 Accordingly, we affirm the district court's order granting Defendants' motion to dismiss, construed by the court as a motion for summary judgment. We deny the motion for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[4]
 
 AFFIRMED
 
 
 [1]
 The district court properly denied this motion under Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975)
 
 
 [2]
 Seventy-nine Plaintiffs, including Buckner, signed timely notices of appeal in Case Nos. 93-6067, 93-6217 and 93-6218. Thirty-one additional Plaintiffs noted a late appeal in Case No. 93-6219; the district court, finding excusable neglect, granted Plaintiffs' motion to file the belated appeal
 
 
 [3]
 These reasons came into the record by way of letters, attached as exhibits to Buckner's motion for an expert witness, from members of the Maryland House of Delegates. Buckner argues that the district court erred by considering the reasons set forth in these letters as rationales for the enactment of the Maryland statute. This contention has no merit. Defendants properly relied on this letter to point out to the district court that there was an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Defendants had no obligation to "support [their] motion with affidavits or other similar materials negating the opponent's claim." Id. at 323 (emphasis in original). Also, in considering the propriety of a statutory classification, this Court may consider any possible rational purpose, not just those espoused by the legislature, the district court, or the litigants. Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 463 (1988); Mountain Water Co. v. Montana Dep't of Pub. Serv. Regulation, 919 F.2d 593, 597 (9th Cir. 1990)
 
 
 [4]
 We also deny Plaintiffs' motion for appointment of counsel