56 F.3d 61
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Gregory HOOKS, Plaintiff--Appellant,
v.
Mrs. BATES, Defendant--Appellee.
 No. 95-6203.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995
Decided May 25, 1995
 
 Gregory Hooks, Appellant Pro Se. Richard Parker, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, VA, for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint and denying his motion under Fed.R.Civ.P. 59(e). Our review of the record and the district court's opinion discloses that this appeal is without merit.* Accordingly, we affirm on the reasoning of the district court. Hooks v. Bates, No. CA-93-1069 (E.D. Va. Dec. 15, 1994; Jan. 10, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Appellant was notified by Defendant, pursuant to E.D. Va. Local Rule 11(M), of the opportunity to respond to the motion for summary judgment with affidavits, documents, or statements sworn to under penalty of perjury, and that the failure to make such a response may result in the granting of the motion. While it is not clear whether this notice is sufficient to satisfy the district court's obligation under Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), we find that the district court's failure to send a Roseboro notice in this case was, at most, harmless error
 Appellant alleges that he filed a timely response to the motion for summary judgment. Even if the district court had received and considered his response, Appellant has failed to state a constitutional claim. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975).