# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HARRY JAMES FOWLER,
          *Plaintiff-Appellant,*

v.                                               No. 01-6712

RANDALL LEE,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-99-314-5-CT-H)

Submitted: August 10, 2001

Decided: September 10, 2001

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Harry James Fowler, Appellant Pro Se. Deborrah Lynn Newton, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Harry James Fowler appeals from the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) action. On appeal, he raises three procedural claims. After careful consideration, we affirm.

Fowler first argues that the district court erred by failing to certify a class of prisoners as plaintiffs in the action. While the district court did not expressly deny the many motions for intervention, the court implicitly denied any request for class certification when it denied all pending motions in its final order.

While class actions are appropriate in § 1983 litigation, *Kirby v. Blackledge*, 530 F.2d 583, 588 (4th Cir. 1976), this circuit does not certify a class where a pro se litigant will act as representative of that class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). It is plain error for a pro se inmate to represent other inmates in a class action. *Id.* As Fowler was proceeding pro se, the district court did not err when it failed to certify a class.

Fowler next argues that the district court improperly considered an affidavit from his psychiatrist that contained privileged information. Assuming that error occurred, Fowler has failed to show any harm. His claims were dismissed, because he failed to show serious physical injury or excessive exposure to toxic fumes. Any opinions by Fowler's psychiatrist about his mental state would be irrelevant to the determinative issues. Accordingly, any error in considering the psychiatrist's affidavit was harmless.

Finally, Fowler contends that the district court failed to appoint him counsel after North Carolina Prisoner Legal Services ("NCPLS") declined to investigate his claims. North Carolina has apparently entered into a contract with NCPLS to meet its responsibilities under *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (states must affirmatively provide prisoners with either law libraries or persons trained in law to assist in prosecution of both post-conviction proceedings and civil rights actions). Pursuant to this contract, NCPLS initially screens pris-

oner claims to determine if they are frivolous. NCPLS then decides whether to provide or decline representation. If NCPLS determines that appointment of counsel is not required in the action, NCPLS will still provide advice and assistance to plaintiff. In this case, however, because Fowler had a pending suit against NCPLS, NCPLS did not investigate Fowler's claim or offer advice or assistance due to the conflict of interest.

Fowler now claims that the court's order of investigation gave him a right to counsel and required that the court appoint substitute, conflict-free counsel. Fowler is clearly incorrect. A court need not appoint counsel in a § 1983 action unless the case presents complex issues or exceptional circumstances. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Fowler does not attempt to make a showing that his case meets this standard, and therefore, the district court correctly determined that appointment of counsel was unnecessary.

Furthermore, even if Fowler's arguments could be construed as claiming that he was not provided the legal assistance required by *Bounds*, he must still show injury from that violation. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Fowler's non-frivolous claims were dismissed for failure to allege serious physical injury or prolonged exposure to toxic chemicals. These factual deficiencies are not cured on appeal. Thus, it seems clear that Fowler was neither seriously injured nor exposed unreasonably to toxic chemicals, and no amount of legal assistance could have saved his claims.

Therefore, we affirm the judgment of the district court. We deny Fowler's motion for appointment of counsel and grant his motion to supplement the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*