**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6258**

———————

JORGE GEVARA, a/k/a Jorge Galeas, Jr.,

Plaintiff – Appellant,

v.

BOYD BENNETT; ROBERT C. LEWIS; RICK JACKSON; RICHARD NEELY; KEVIN T. KING, Ex-Assistant Superintendent; KORY DALRYMPLE, Assistant Superintendent; RONALD COVINGTON, Unit Manager; FNU EDWARDS, Captain; DENNIS MARSHALL, Assistant Unit Manager; JERLINE BENNETT, Program Director 1; K. INGRAM, Sergeant; W. HORNE, Sergeant; FNU YAKUBIK, Officer; FNU BROWN, Officer; FNU KIKER, Officer; FNU LOCKETT, Officer; JANE DOE, 1 and 2; FNU MCLAUGHLIN, Officer; FNU FAULKNER, Officer; ALVIN KELLER; FRANKLIN STEELE, Unit Manager,

Defendants – Appellees.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:10-cv-00354-RJC)

———————

Submitted: April 19, 2012          Decided: April 26, 2012

———————

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jorge Gevara, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Gevara, a North Carolina prisoner proceeding pro se, appeals the district court's order denying his post-judgment motion seeking permission to file a "first amended and supplemental complaint" and his Fed. R. Civ. P. 59(e) motion to alter or amend the court's prior judgment dismissing his 42 U.S.C. § 1983 (2006) complaint. On appeal, we confine our review to the issues raised in the Appellant's brief. 4th Cir. R. 34(b). Because Gevara's informal brief does not challenge the basis for the district court's disposition of his Rule 59(e) motion, Gevara has forfeited appellate review of that ruling.

With respect to the district court's denial of Gevara's post-judgment motion seeking permission to file a first amended and supplemental complaint, Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may not deny a motion to amend "simply because it has entered judgment against the plaintiff-be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). A post-judgment motion to amend is "evaluated under the same legal standard as a similar motion filed before judgment was entered-for prejudice, bad faith, or futility." Id. After a careful review of the record, we conclude that the

motion to amend—which indicated that Gevara wished to file a class action complaint against various defendants based on conditions at the correctional institution where Gevara is incarcerated—was futile. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (holding that a pro se prisoner may not litigate the interests of other prisoners in a class action). We accordingly affirm the district court's denial of the motion.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] "We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record." United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005).

3