DLD-120                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4261
_____

PETER M. SINCLAIR; SALLY SINCLAIR

v.

CITI MORTGAGE, INC., Dallas, TX; Columbus, OH;
Ofallow, MO; and all its affiliates and other locations

PETER M. SINCLAIR,
                                         Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:12-cv-00773)
District Judge:  Honorable William H. Yohn
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 15, 2013)
_____

OPINION
_____

PER CURIAM

        Peter M. Sinclair, proceeding pro se, appeals from an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his complaint pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

## I.

In May 2007, Sinclair and his wife (collectively, "the Sinclairs") obtained a loan from Wilmington Finance, Inc. and executed a mortgage securing the loan against their residence. Around November 2009, the Sinclairs contacted Citi Mortgage, Inc. ("Citi"), their loan servicer, seeking a loan modification under the federally-regulated Home Affordable Modification Program ("HAMP"), a foreclosure mitigation program managed jointly by the Department of the Treasury and the Department of Housing and Urban Development. According to Sinclair, Citi delayed and stalled the consideration of their HAMP application.

The Sinclairs filed their complaint in February 2012, alleging that Citi's conduct violated their civil rights and demanding compensation under the "government whistleblower program." On April 30, 2012, Citi filed a motion to dismiss for failure to state a claim. The Sinclairs did not respond, but filed a "Notice" requesting that the District Court either transfer their case to the Central District of California for inclusion in multi-district litigation ("MDL") or deny the motion to dismiss and treat the matter as a class action. On November 7, 2012, the District Court granted Citi's motion to dismiss, denied the Sinclairs' request to transfer, and dismissed the Sinclairs' complaint with prejudice. Sinclair timely filed this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223

2

(3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted).

III.

We agree with the District Court that the Sinclairs' complaint failed to state a claim. First, the District Court correctly noted that the HAMP does not provide a private right of action. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 559 n.4 (7th Cir. 2012) (noting that "HAMP does not create a private federal right of action for borrowers against servicers"). Furthermore, although the Sinclairs ask for relief under the "government whistleblower program," they never alleged entitlement to relief under a specific whistleblower protection statute. We agree that no whistleblower statute would apply here, as the Sinclairs are not employed at Citi, do not allege retaliation, and are not attacking the practices of a governmental entity.

Furthermore, the District Court correctly denied the Sinclairs' request to have their case transferred to the Central District of California for inclusion in MDL. Such requests must be

3

filed with the judicial panel on MDL itself, see 28 U.S.C. § 1407(c)(ii); therefore, the District Court lacked authority to grant the Sinclairs' request. Likewise, the District Court properly declined to treat the Sinclairs' case as a class action, as "one pro se litigant cannot represent another," Nocula v. UGS Corp., 520 F.3d 719, 725 (3d Cir. 2008) (citing 28 U.S.C. § 1654); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (noting that "it is plain error to permit [a litigant] who is unassisted by counsel to represent his fellow [plaintiffs] in a class action.").

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.[1] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny as moot Sinclair's motions for appointment of counsel and his motion for an extension of time to file a response to the Clerk's letter advising of possible summary action.

---

[1] The District Court declined to provide the Sinclairs with leave to amend their complaint before dismissing it with prejudice. We conclude that this decision was not in error, because we do not see how any amendment to their complaint would save the Sinclairs' claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that a court should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile").

4