**ETHNIC AWARENESS ORGANIZA-TION, Sanford Gibson, President, et al., Plaintiffs,**

v.

**John R. GAGNON, et al., Defendants.**

Civ. A. No. 82–C–920.

United States District Court, E.D. Wisconsin.

Aug. 16, 1983.

Ethnic Awareness Organization, Sanford Gibson, President, pro se.

Paul F. Sattler, Madison, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises under 42 U.S.C. § 1983. By its president, Mr. Sanford Gibson, the Ethnic Awareness Organization ("E.A.O.") * seeks damages, an injunction, and declaratory relief against the superintendents and staff of the Fox Lake Correctional Institution. Jurisdiction is predicated on 28 U.S.C. § 1343.

Both parties have filed pretrial motions. First, plaintiff moves the Court to certify the ninety E.A.O. members as a class pursuant to Fed.R.Civ.P. 23. Second, plaintiff moves the Court to issue a "protective order" prohibiting defendants from engaging in numerous activities. Finally, defendants move the Court to suspend discovery pending a determination of their alleged good faith defense. The motions are disposed of *seriatim.*

■ Under Fed.R.Civ.P. 23(a)(4), the Court must find, as an antecedent to class certification, that the representative party "will fairly and adequately protect the interests of the class." In this case, the president of E.A.O. appears pro se. While the Court finds that Mr. Sanford is intelligent and capable of protecting his own interests, I am reluctant to go one step further and permit him to represent the interests of a class. A serious tactical error on Mr. Sanford's part could prejudice the rights of his fellow E.A.O. members, and therefore the Court cannot permit him to act as their representative. *Oxendine v. Williams,* 509 F.2d 1405 (4th Cir.1975); *see also Phillips v. Tobin,* 548 F.2d 408 (2 Cir.1976). Accordingly, plaintiff's motion to certify a class is denied.

The plaintiff also asserts that since the filing of the complaint in this action, the defendants have engaged in a variety of retaliatory activities. The plaintiff therefore has moved for a "protective order" to prohibit the defendants from:

(1) Harassing the plaintiff for bringing this action;

(2) Transferring E.A.O. members to other institutions;

(3) Transferring E.A.O. members to different job positions within the Fox Lake Institution, opening and censoring members' mail;

(4) Discriminatory treatment;

(5) Inflicting bodily harm upon the E.A.O. members;

(6) Denying privileges as a retaliative measure; and

(7) other "suspect" matters that plaintiff might call to this Court's attention.

The plaintiff has not filed any affidavits in support of its motion.

The Court agrees with the defendants' contention that, in substance, plaintiff has moved for a preliminary injunction. A "protective order," as Federal courts employ the term, pertains to discovery matters. Contrary to plaintiff's assertion, 28 U.S.C. § 2283 has no application here. Even if the injunction were necessary to aid the Court's jurisdiction, that statute pertains to injunctions against proceedings in state courts. Nor is Fed.R.Civ.P. 23(d) applicable here, because this is not a class action.

■ In order to establish a *prima facie* case for a preliminary injunction, the movant must demonstrate that he is likely to succeed on the merits, that there is no adequate remedy at law, that irreparable harm will ensue if the injunction does not issue, that this harm is greater than that which the nonmovant would suffer were the motion granted, and that the injunction will not disserve the public interest. *American*

* The Ethnic Awareness Organization is a social and educational association of minority prisoners at the Fox Lake Correctional Institution.

*Dairy Queen v. Brown-Port Co.,* 621 F.2d 255 (7th Cir.1980).

In this case, the plaintiff has failed to carry its burden of proof. No affidavits accompany the motion, and the factual allegations in the brief are conclusory. They do not tend to prove irreparable harm of so immediate a variety that a preliminary injunction should issue. In the absence of sworn statements supporting the allegations of misconduct, the Court will not indulge surmises at plaintiff's request. Accordingly, plaintiff's motion for injunctive relief is denied.

Finally, the defendants have moved for a suspension of discovery, in order that they might thereby gain an opportunity to brief the issue of their purported good faith. Defendants also move that the Court set up a briefing schedule for this purpose.

In support of their motions, defendants rely on *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In that case, the Supreme Court modified prior case law establishing a subjective good faith defense. The Court expressed a concern for the costs and disruptions attending litigation of insubstantial claims against government officials performing discretionary functions. It held that, in light of these difficulties, the defendants could raise the issue of qualified immunity in a motion for summary judgment, and no discovery would occur until that motion was resolved. *Id.* at 816–19, 102 S.Ct. at 2738–2739.

This is an appropriate case in which to suspend discovery, pending resolution of the immunity issue. The power of government officials holding positions of authority affords a "potential for a regime of lawless conduct," *Butz v. Economou,* 438 U.S. 478, 506, 98 S.Ct. 2894, 2910, 57 L.Ed.2d 895 (1978), and this is particularly so where the officials in question are allowed broad discretion in conducting their affairs. I am confident that the approach described in *Harlow, supra,* will adequately protect the plaintiff's rights to redress in this case, if such rights exist. Therefore, the defend-

ants' motion to suspend discovery for a period adequate to brief the issue of their alleged immunity is granted. Discovery will be permitted to continue 120 days after this order.

The defendants may file a motion for summary judgment pursuant to Fed.R. Civ.P. 56 if they choose to do so within 120 days.

THEREFORE, IT IS HEREBY ORDERED that the plaintiff's motion for class certification is denied.

IT IS FURTHER ORDERED that the plaintiff's motion for a preliminary injunction is denied.

IT IS FURTHER ORDERED that the defendants' motion to suspend discovery is granted for a period of 120 days, and that the defendants may file their motion for summary judgment within that 120 day time period.