805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. HOLMES, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; City of Saginaw Fire
Department; Young Men's Christian Association,
Defendants-Appellees.
 No. 85-1464.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's order of May 31, 1985 which adopted the magistrate's report and recommendation granting the defendants' motions for summary judgment and dismissing plaintiff's complaint.
 
 
 2
 In his brief plaintiff presents the following three issues: 1) whether or not it was improper for the district court to dismiss his pro se complaint although it stated a claim for which relief can be granted; 2) whether or not the district court abused its discretion in denying plaintiff's motion to amend his complaint; and 3) whether or not pro se petitioners should be allowed to represent class action on behalf of prisoners.
 
 
 3
 The district court correctly decided to dismiss petitioner's complaint although it arguably stated a claim for which relief could be granted. It is well established that a complaint regarding conditions of prison confinement is rendered moot when the prisoner is released from custody. This is precisely the case with petitioner. Penland v. Warren County Jail, 759 F.2d 524, 526 n. 1 (6th Cir.1985). Moreover, federal jurisdiction under Art. III Sec. 2 of the United States Constitution extends only to actual cases and controversies, and therefore federal courts lack jurisdiction over moot issues. Preiser v. Newkirk, 422 U.S. 395 (1975); United States v. City of Detroit, 720 F.2d 443 (6th Cir.1983). A controversy is not moot if it is capable of repetition, but evades review. United States v. City of Detroit, supra. This doctrine applies when the alleged action is too short in duration to be fully litigated prior to its cessation and there is a reasonable expectation that the same complaining party would be subjected to the same action again. Id. at 449. However, petitioner's claim for damages has saved his claim from the bar of mootness. Banas v. Dempsey, 742 F.2d 277, 281 (6th Cir.1984). Thus petitioner's claims for equitable relief, declaratory judgment, preliminary and permanent injunction are moot but his claim for monetary damages is not moot. However, the district court found plaintiff did not state a claim for which relief could be granted under 42 U.S.C. Sec. 1983 with respect to the various defendants. The court's analysis for each defendant is as follows. Defendant Perry Johnson, the Director of the Michigan Department of Corrections, is being sued individually in his official capacity. The court correctly held that under Sec. 1983 public officials are not vicariously liable for the wrongdoing of their subordinates. Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 580 (6th Cir.1979). There is no evidence that Johnson had a direct role in the events which led to this action.
 
 
 4
 Defendant City of Saginaw was correctly held not liable under Sec. 1983 because there was no evidence tendered that the alleged violation was a custom, practice or policy of the municipality. City of Oklahoma v. Tutle, 105 S.Ct. 2427, 2435 (1985).
 
 
 5
 Defendants Saginaw Y.M.C.A. and its Director, Max Fisher, were also correctly held not liable under Sec. 1983 because the allegations against them were too vague. Moreover, there was no allegation that these private citizens conspired with the governmental entity, thereby becoming a state actor, to deprive plaintiff of his constitutional rights. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).
 
 
 6
 Defendants Esler, Bishop and Gipson, who are firemen and the fire chief of the Saginaw Fire Department, respectively, were also correctly not liable under Sec. 1983. In Jackson v. City of Joliet, 715 F.2d 1200 (7th Cir.1983), cert. denied, 465 U.S. 1049 (1984), the court held that mere failure to rescue is not actionable under Sec. 1983 just because the defendant is a public officer whose official duties include aiding people in distress. However, the court further stated that such acts by defendants would be actionable under Sec. 1983 if they constituted deliberate discrimination particularly against a vulnerable minority. Id. at 1202-1203.
 
 
 7
 Plaintiff's second claim is that the district court abused its discretion in denying his motion to amend the complaint. Federal Rule of Civil Procedure 15(a) provides that a party must seek leave of the court to amend his pleadings after a responsive pleading has been filed. Leave to amend must be freely given. Federal Rule of Civil Procedure 15(a); see Foman v. Davis, 371 U.S. 178 (1962). Leave should be granted unless there is some apparent or declared reason not to allow the amendment. Marx v. Centran Corp., 747 F.2d 1536 (6th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 2656 (1985). Some factors to be considered in evaluating a motion to amend are undue delay, prejudice to opposition parties and futility of the amendment. Cranberg v. Consumers Union of United States, Inc., 756 F.2d 382 (5th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 148 (1985); Adams v. Gould, Inc., 739 F.2d 858 (3d Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 806 (1985). The standard of review is abuse of discretion. Marx v. Centran Corp., supra.
 
 
 8
 In the case at bar the district court reviewed plaintiff's proposed amendments to the complaint (Att. 6, p. 10). The court decided that the amendment would not serve the ends of justice particularly since there were no allegations that the present conditions were equally dangerous as plaintiff's experience or that there was any likelihood of repetition. In addition the court correctly found that the proposed amended complaint did not correct the defects of the original complaint, in that neither stated a claim under 42 U.S.C. Sec. 1983 for which relief can be granted. Therefore, the district court did not abuse its discretion in denying plaintiff's motion to amend the original complaint since the amendment would have been futile. Cranberg v. Consumers Union of the United States, Inc., supra.
 
 
 9
 Plaintiff's third and final claim is that the court erred in denying his motion for class certification with him as the class representative because of his pro se status. The prerequisites to maintenance of a class action are that the class is so numerous that joiner of all members is impracticable, there are common questions of law or fact, the representative party's claims or defenses are typical of the class claims or defenses, and the representative party will fairly and adequately protect the class interests. The scope of review for a class certification decision is abuse of discretion. Patterson v. General Motors Corp., 631 F.2d 476 (7th Cir.1980), cert. denied, 451 U.S. 914 (1981). Courts have held that pro se prisoners are not adequate class representatives able to fairly represent the class. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975); Hummer v. Dalton, 657 F.2d 621 (4th Cir.1981); Ethnic Awareness Organization v. Gagnon, 568 F.Supp. 1186 (E.D.Wis.1983); Inmates, Washington County Jail v. England, 516 F.Supp. 132 (E.D.Tenn.1980), affirmed, 659 F.2d 1081 (6th Cir.1981).
 
 
 10
 Accordingly, the district court did not abuse its discretion in denying class certification of this case.
 
 
 11
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3).