Vincent CAPUTO, Plaintiff,

v.

William FAUVER et al., Defendants.

Civ. No. 91–2298 (SSB).

United States District Court,
D. New Jersey.

Sept. 30, 1992.

Vincent Caputo, plaintiff, pro se.

Robert J. Del Tufo, Atty. Gen. of New Jersey by Janine L. Long, Deputy Atty. Gen., Trenton, N.J., for defendants.

## OPINION

BROTMAN, District Judge.

In this case *pro se* plaintiff Vincent Caputo, a prisoner at the Southern State Correctional Facility ("Southern State") in Delmont, New Jersey, filed a class action on behalf of himself and his fellow inmates against defendants William Fauver, Commissioner of the Department of Corrections of the State of New Jersey; Warren Crawford, Legal Services Coordinator for the Department of Corrections; Robert Edmiston, Administrator of Southern State; Stephen Troyanovich, Director of Education at Southern State; Daniel Finlay, Assistant Director of Education at Southern State; and Patricia Gruccio, Librarian at Southern State. Caputo seeks relief under 42 U.S.C. § 1983. He claims that prisoners at Southern State have been deprived of their constitutional right of meaningful access to the courts. Caputo also asserts claims under 42 U.S.C. § 1985(3), alleging that the defendants have conspired to deprive the prisoners of their right of access to the courts; under 42 U.S.C. § 1986, alleging that the defendants neglected to prevent such deprivation; and under the New Jersey Tort Claims Act. He seeks compensatory and punitive damages, a declaratory judgment, and injunctive relief. Defendants Crawford, Edmiston, Gruccio, and Troyanovich have moved for summary judgment. Defendants Fauver and Finlay have moved under Fed.R.Civ.P. 12(b)(6) to dismiss Caputo's claims against them for failure to state a claim upon which relief can be granted. All defendants have moved under Rule 12(b)(6) to dismiss Caputo's claims under 42 U.S.C. § 1985(3) and § 1986.

### I. *Class Action*

Although Caputo never moved under Fed.R.Civ.P. 23(c)(1) for class certification, this court has an independent obligation to determine whether this action can be maintained on a class basis. *See*

*McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 559 (5th Cir. Unit A Oct. 1981); *Zenith Labs, Inc. v. Carter-Wallace, Inc.,* 64 F.R.D. 159, 164 (D.N.J.1974), *aff'd,* 530 F.2d 508 (3d Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976); 7B Charles A. Wright et al., *Federal Practice and Procedure* § 1785, at 89–90 (2d ed. 1986). A class action can be maintained only if the class representative "will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action. *E.g., Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *Avery v. Powell,* 695 F.Supp. 632, 643 (D.N.H.1988); *Ethnic Awareness Org. v. Gagnon,* 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *see also* 7A Wright et al., *supra,* § 1769.1, at 380. This court agrees. Accordingly, Caputo may not maintain this suit as a class action. He may, however, continue individually to pursue his claims. *See In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 194, 197 (2d Cir.1987).[1]

## II. *Motion for Summary Judgment on the § 1983 Claims*

The standard for granting summary judgment is a stringent one. A court may grant summary judgment only when the materials of record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Tudor Dev. Group, Inc. v. United States Fidelity & Guar. Co.,* 968 F.2d 357, 359–60 (3d Cir.1992). In deciding whether there is a disputed issue of material fact, the court must resolve doubts in favor of the non-moving party. *Desvi, Inc. v. Continental Ins. Co.,* 968 F.2d 307, 308 (3d Cir.1992). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

A motion for summary judgment must be granted if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, the non-moving party may not rest upon the mere allegations or denials of his pleading, Fed.R.Civ.P. 56(e), and "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct.

---

1. The court also finds that Caputo is without standing to pursue the potential claims of the class he sought to represent. This determination is based on the settled principle that "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief premised on the legal rights or interests of third parties." *Powers v. Ohio,* —— U.S. ——, ——, 111 S.Ct. 1364, 1370, 113 L.Ed.2d 411 (1991). Thus, the court will not consider allegations in Caputo's complaint relating to the deprivation of rights suffered only by other prisoners. *Cf. United States ex rel. Silverman v. Pennsylvania,* 527 F.Supp. 742, 745 (W.D.Pa 1981), *aff'd,* 707 F.2d 1397 (3d Cir.1983).

It should be noted that the instant case is distinguishable from *Rhodes v. Robinson,* 612 F.2d 766 (3d Cir.1979). In that case a prisoner who worked in a prison law library challenged a restriction prohibiting him from giving legal assistance to other prisoners, arguing that the restriction violated the other prisoners' right of access to the courts. The Third Circuit held that the plaintiff had standing to assert the rights of his fellow prisoners.

But in order for a plaintiff to assert third party standing, or *jus tertii,* the plaintiff must himself have suffered some concrete "injury-in-fact" as a result of the challenged rule or practice. *Powers,* —— U.S. at ——, 111 S.Ct. at 1370. In *Rhodes,* the plaintiff was personally injured by the prison's rule prohibiting him from continuing to provide legal assistance to other prisoners. In the instant case, the court is merely declining to consider allegations of unlawful conduct which, if proved, would result in injury not to Caputo himself, but rather only to other inmates—for example, Caputo's claim that prisoners who cannot speak English do not have adequate access to a bi-lingual paralegal.

1348, 1355, 89 L.Ed.2d 538 (1986). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Peterkin v. Jeffes,* 855 F.2d 1021 (3d Cir. 1988). This right requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498. There are three law libraries at Southern State, one in the Phase I Academic Building, one in the Phase II academic building, and one in the Minimum Security area. Although housed in the Minimum Unit, Caputo has access to the Phase I library, which is well-stocked. However, Caputo complains that he does not receive adequate assistance from persons trained in the law, and that defendant Edmiston refused to allow a particular inmate to conduct a training class for paralegals. But in order to fulfill its constitutional obligation, the state need not provide prisoners with both an adequate law library and legal assistance. *Williams v. Lane,* 851 F.2d 867, 878 (7th Cir.1988), *cert. denied,* 488 U.S. 1047, 109 S.Ct. 879, 102 L.Ed.2d 1001 (1989); *DuPont v. Saunders,* 800 F.2d 8, 10 (1st Cir.1986). Although there is some authority to support the proposition that the state has an obligation to provide inmates who do not speak English or are illiterate with both an adequate law library and legal assistance, *see Cruz v. Hauck,* 627 F.2d 710, 720–21 and n. 21 (5th Cir.1980); *United States ex. rel. Para–Professional Law Clinic v. Kane,* 656 F.Supp. 1099, 1105–07 (E.D.Pa.), *aff'd,* 835 F.2d 285 (3d Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 511 (1988), Caputo speaks English and is not illiterate. The essential question is whether the state has given a prisoner "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds,* 430 U.S. at 825, 97 S.Ct. at 1496. Caputo's complaint and memoranda in this case, which rely upon no fewer than fifty cases, a wide variety of federal and state statutes and regulations, the Federal Rules of Civil Procedure, and a well-known treatise, amply demonstrate he has been given that opportunity.

Caputo also complains that he must pay for telephone calls, photocopies, postage, and other supplies. He claims that because he must make these purchases with his own limited funds, he has been unable to pursue some legal claims and is unable to purchase "hygiene products." But in the affidavits submitted in support of their motion, defendants assert that typing paper, photocopies, and envelopes are provided to inmates free of charge. Caputo has failed to submit any evidence indicating that he has ever had to pay for these items. Nor has he set forth specific facts by affidavit, *see* Fed.R.Civ.P. 56(e), or otherwise, that describe any instance in which he was unable to obtain "hygiene products."

Defendants do not contest Caputo's claim that he must pay for telephone calls and postage. But "not every item or feature capable of being linked to a state's provision of legal assistance to prisoners automatically implicates the constitutional right of access to the courts." *Peterkin v. Jeffes,* 855 F.2d 1021, 1041 (1988). Rather, a prisoner whose claim relates to access to resources other than the law library or legal assistance must demonstrate some actual injury; that is, an "instance in which he was actually denied access to the courts." *Hudson v. Robinson,* 678 F.2d 462, 466 (3d Cir.1982) (quoting *Kershner v. Mazurkiewicz,* 670 F.2d 440, 444 (3d Cir. 1982) (en banc)); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir.1991). Caputo has failed to offer proof of even one instance in which he was hindered from pursuing a legal claim because of an inability to pay for telephone calls, postage, or other supplies.

Caputo alleges that defendant Gruccio, who as law librarian is responsible for photocopying prisoners' legal material,

checks the material to determine whether a prisoner has brought an action under § 1983 against a prison official. Caputo claims that as a result of this alleged practice, he has had legal papers confiscated in retaliation. It is true that the confiscation of an inmate's legal papers in retaliation for filing lawsuits violates an inmate's right of access to the courts. *See Crawford–El v. Britton,* 951 F.2d 1314, 1318 (D.C.Cir.1991); *Wright v. Newsome,* 795 F.2d 964 (11th Cir.1986). But once again, Caputo has failed sufficiently to demonstrate that he has ever been subject to such retaliation to withstand the defendants' motion for summary judgement. Caputo has submitted evidence of a single occasion on which a prison official confiscated some of his legal documents. The official's report indicates that the documents were confiscated because Caputo had falsified them.[2] Although Caputo contends this action was merely a pretext for retaliation, he offers no proof to support his contention. Indeed, an affidavit he made at the time of the infraction that he submitted in connection with his disciplinary hearing indicates that Caputo himself did not think the action was an attempt to retaliate against him. Rather, the affidavit asserts his unsubstantiated belief that the action was an attempt to chill the litigation activity of another prisoner.

### III. *Motions to Dismiss the § 1983, § 1985(3), and § 1986 Claims*

■ Rather than move for summary judgment, defendants Fauver and Finlay have moved to dismiss Caputo's claims against them pursuant to Fed.R.Civ.P. 12(b)(6). The court, however, may enter summary judgment *sua sponte* in favor of a party even though that party has not formally moved for it under Fed.R.Civ.P. 56. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *National Expositions, Inc. v. Crowley Maritime Corp.,* 824 F.2d 131, 133 (1st Cir.1987); *Weil Ceramics & Glass, Inc. v. Dash,* 618 F.Supp. 700, 716 (D.N.J. 1985), *rev'd on other grounds,* 878 F.2d 659 (3d Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 156, 107 L.Ed.2d 114 (1989). The court believes that in this case it is appropriate to enter summary judgment in favor of defendants Fauver and Finlay. Caputo has had a fair opportunity—and certainly every incentive—to produce sufficient evidence of a single instance in which he was denied meaningful access to the courts to create a genuine issue of material fact. He has been unable to do so. It is impossible to believe Caputo has additional supporting factual material, specifically concerning the conduct of defendant Finlay, that he simply chose not to present to the court. And with respect to defendant Fauver, the Commissioner of the Department of Corrections, Caputo contends he is liable because "the violations by the other defendants' [sic] shows a failure to train or supervise, orfailure [sic] to establish ways of dealing with these on going [sic] problems that they [sic] knew or should have known about." However, as discussed above, Caputo has failed to offer sufficient proof of any "violations of the other defendants" to withstand their motion for summary judgment. As a result, he obviously cannot recover from defendant Fauver on the theory that Fauver failed properly to supervise or train the other defendants. Summary judgment is therefore appropriate.

All the defendants have moved under Rule 12(b)(6) to dismiss Caputo's claims under 42 U.S.C. § 1985(3) and § 1986. When a party who moves to dismiss for failure to state a claim relies upon matters outside the pleading that are not excluded by the court, Rule 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b). In support of their motion the defendants have made and rely upon several affidavits. Consequently, their motion will be treated as one for summary judgment. And summary judgment will be granted. It is sufficient to note that in order to recover under § 1985(3), a plaintiff must demonstrate that he was "injured in his person or property" or "deprived of having or exercising

---

**2.** Caputo was later adjudicated guilty of this infraction.

any right or privilege of a citizen of the United States." 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 103, 91 S.Ct. 1790, 1799, 29 L.Ed.2d 338 (1971). The "right or privilege of a citizen of the United States" of which Caputo claims he was deprived is the right of meaningful access to the courts. But as discussed above, Caputo has abjectly failed in his effort to supply evidence that he was ever deprived of that right. Accordingly, it is appropriate to enter summary judgment for the defendants with regard to Caputo's claims under § 1985(3) and § 1986.

## IV. *State Law Claims*

Caputo purports to assert claims under the New Jersey Tort Claims Act. Because the court has dismissed all Caputo's federal claims before trial, it will refuse to exercise pendent jurisdiction over these state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Broderick v. Associated Hosp. Serv.*, 536 F.2d 1, 8 n. 25 (3d Cir.1976).