**Richard DUFFY, on behalf of himself and all others similarly situated,**

v.

**Larry G. MASSINARI, Acting Commissioner, Social Security Administration, and Steven R. Cohen, Acting Director, Office of Personnel Management.**

No. CIV. A. 99–3154.

United States District Court, E.D. Pennsylvania.

June 15, 2001.

Richard Duffy, Philadelphia, PA, pro se.

George W. Croner, Kohn, Swift & Graf, P.C., Philadelphia, PA, for plaintiff.

Barbara Rowland, United States Attorney's Office, Philadelphia, PA, Melissa Hart, Keisha Dawn Bell, U.S. Department of Jus-

tice, Civil Division, Federal Programs Branch, Washington, DC, for defendants.

### *MEMORANDUM*

PADOVA, District Judge.

This matter arises on named Plaintiff Richard Duffy's Motion to Certify Class. For the reasons that follow, the Court grants the Motion and certifies the class under Federal Rule of Civil Procedure 23(b)(2).[1]

### I. Background

This case involves an age discrimination claim against the Social Security Administration ("SSA") and the Office of Personnel Management ("OPM"). Named Plaintiff Richard Duffy claims that he, along with approximately 129 other prospective class members, were discriminated against on the basis of age when, in the process of restructuring its work force, the SSA failed to upgrade the pay scale for his and other similar positions. Plaintiff alleges that the SSA changed and manipulated work descriptions, and reassigned work, in an effort to justify the decision not to upgrade the pay scale. Plaintiff further asserts that the SSA simultaneously upgraded the duties and payscale of other younger employees. The OPM upheld the SSA's pay grade classification decision.

Plaintiff now moves to certify a class of an estimated 129 similarly situated employees. Following the Court's suggestion at the Preliminary Pretrial Conference held on April 30, 2001, the parties resolved a number of the issues in dispute with respect to certification of the class. The Government continues to oppose class certification on the ground that administrative exhaustion was not effected because the specific factual claims in Plaintiff's Amended Complaint were not raised in the administrative proceedings before the Equal Employment Opportunity Commission ("EEOC"). For the reasons

that follow, the Court grants the Motion and certifies the class.

### II. Legal Standard

■ In order to obtain class certification, a plaintiff must meet all four requirements of Federal Rule of Civil Procedure 23(a) and at least one part of Federal Rule of Civil Procedure 23(b).[2] *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613–14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Baby Neal v. Casey,* 43 F.3d 48, 55 (3d Cir.1994) (citing *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 248 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415 (1975)). When doubt exists concerning certification of the class, the court should err in favor of allowing the case to proceed as a class action. *Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 342 (1985). The four requirements of Fed.R.Civ.P. 23(a) are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a). Plaintiff seeks certification pursuant to Federal Rule of Civil Procedure 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

In determining whether certification is proper, the Court must refrain from conducting a preliminary inquiry into the merits. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1973)("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (citations omitted). At the same time, the Court must carefully examine the factual and legal allegations. *See General Tel. Co. v.*

---

**1.** The Court's certification of the class is conditional, in that it is subject to a continuing obligation to reassess the certification as the case develops. *See Kuehner v. Heckler,* 778 F.2d 152, 163 (3d Cir.1985); *see also Richardson v. Byrd,* 709 F.2d 1016, 1019 (5th Cir.1983) ("Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decer-

tify as appropriate in response to the progression of the case from assertion to facts."), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).

**2.** The parties agree that the Federal Rules of Civil Procedure govern the certification of the proposed class in this action. Govt. Mem. at 6; Pl. Reply Mem. at 1.

*Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("Sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (citation omitted) ("The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' ").

## III. The Proposed Class Definition

Plaintiff Duffy seeks certification of the class defined as follows:

All Reconsideration Non–Disability Examiners and Reconsideration Reviewers over the age of 40 who were employed with the Social Security Administration's Office of Disability Operations ("ODO") in Baltimore, Maryland and in six other Program Centers nationwide on or after March 20, 1995, and who did not have their positions upgraded to GS–12 by SSA after SSA's implementation of the GS–105 Series standard.

Pl.'s Reply at 28 n. 13. The Government has agreed to this definition provided the Court otherwise determines that certification of the class is appropriate under Rule 23.[3]

## IV. Administrative Exhaustion

The Government's sole basis for opposing class certification is that the claims raised in this suit were not exhausted because the allegations in the amended complaint were not raised before the EEOC in the administrative action.[4] The Government contends that "[Duffy's administrative complaint] focused exclusively on whether the duties already performed by plaintiff justified a GS–12 classification. Plaintiff cannot litigate in the district court those claims that were not raised at the administrative level." Def.'s Resp. at 4.

It is well-settled that as a condition precedent to filing suit under the ADEA, a plaintiff must first file a charge with the EEOC within 180 days of the alleged discriminatory act. *Galvis v. HGO Services*, 49 F.Supp.2d 445, 448 (E.D.Pa.1999) (citing *Robinson v. Dalton*, 107 F.3d 1018, 1020–21 (3rd Cir.1997)); 29 U.S.C. § 626(d) (1994). Where a plaintiff fails to pursue an administrative claim before the EEOC, that claim is waived in a subsequent lawsuit. *See Hopson v. Dollar Bank*, 994 F.Supp. 332, 337–38 (W.D.Pa.1997).

Once a discrimination charge has been filed, the scope of a judicial complaint is not limited to the four corners of the administrative charge. *Love v. Pullman*, 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 963 (3d Cir.1978) (internal quotations omitted); *Doe v. Kohn, Nast & Graf, P.C.*, 866 F.Supp. 190, 195 (E.D.Pa.1994). The parameters of a subsequent private action in the courts is defined by the scope of the investigation which can reasonably be expected to grow out of the charge of discrimination. *Hicks*, 572 F.2d at 965. Under these circumstances, the legal analysis turns on whether there is a close nexus between the facts supporting each claim or whether additional charges made in the judicial complaint may fairly be considered explanations of the original charge or growing out of it. *Galvis*, 49 F.Supp.2d at 448–49.

The Court concludes that the scope of the investigation that could reasonably be expected to grow out of the original EEOC claim is sufficiently broad to encompass the claim as brought in the Amended Complaint, and therefore Plaintiff has exhausted the claim for purposes of the instant litigation. Though the additional factual allegations in the Amended Complaint posit a somewhat different manner of carrying out the alleged discrimination, the new allegations would

---

**3.** At this stage in the litigation, the Court also agrees that the proposed class definition is an appropriate one given the allegations and claims contained in the Amended Complaint.

**4.** The Government alleges a similar failure to exhaust with respect to the administrative class action brought by Laurence Carton, a Reconsideration Non–Disability Examiner ("RNDE") in SSA's Office of Disability Operations. Carton filed his administrative complaint with the EEOC on August 1, 1995. The Court need not address exhaustion with respect to this class action because Carton is not one of the proposed named class representatives.

have fallen squarely within the scope of a proper EEOC investigation ensuing from the original administrative claim. Underlying Plaintiff's claim challenging the SSA's decision not to upgrade the position were allegations of intentional age discrimination. Regardless of the variation in particular alleged facts, Plaintiff's Amended Complaint brings essentially the same intentional age discrimination claim as in the administrative proceeding, with a correspondingly significant overlap in factual bases. This case is therefore distinguishable from those cases in which the exhaustion requirement was found not to have been met. *See Fakete v. Aetna/US Healthcare,* 152 F.Supp.2d 722, 732 (2001) (finding nexus between the facts supporting the age discrimination claim and the retaliation claim insufficiently close so as to expect the latter claim to arise from an investigation of the first); *Marshall v. Federal Express Corp.,* 130 F.3d 1095, 1098 (D.C.Cir.1997) (finding wrongful termination claim under ADA not exhausted where administrative claim was for failure to allow plaintiff to apply for different position). The Court concludes, therefore, that Plaintiff has met the exhaustion requirements for the purposes of this class action.

■ The Court also notes that the definition of the proposed class includes individuals who may not have individually exhausted their claims by filing a complaint with the EEOC. Though such individuals would be barred from filing individual suits because of their failure to exhaust, these individuals may still properly be included in the Rule 23 class pursuant to the single filing or "piggyback" rule. *See McNasby v. Crown Cork & Seal Co.,* 888 F.2d 270, 282 (3d Cir.1989) ("[T]o the extent that the class was properly certified, ... the other female employees and former employees of Crown Cork [who did not file EEOC complaints] may piggy-back their backpay claims on McNasby's claim."), *cert. denied,* 494 U.S. 1066, 110 S.Ct. 1783, 108 L.Ed.2d 784 (1990) (citing *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)); *Payne v. Consolidated Rail Corp.,* No. Civ.A.99–2801, 2000 WL 190229, at *3 (E.D.Pa. Feb.16, 2000). This rule also applies to opt-in class actions under the ADEA. *See Whalen v. W.R. Grace & Co.,* 56 F.3d 504, 506 (3d Cir.1995) ("Individuals who failed to file the EEOC charge may join a class action brought by a plaintiff who has brought an EEOC charge alleging classwide discrimination.") (citing *Lusardi v. Lechner,* 855 F.2d 1062, 1077 (3d Cir.1988)). Therefore, provided class certification is otherwise proper under Rule 23, the proposed class definition properly includes those who did not file individual EEOC complaints.

## V. Class Certification under Rule 23

■ Barring its exhaustion argument, the Government does not object to class certification under Rule 23(b)(2). Govt.'s Resp. at 6–7. Nevertheless, even where a party does not oppose the proposed class action, the Court must still conduct an independent evaluation of the proposed class action and arrive at an independent determination of the validity and desirability of the use of the class device. *Cureton v. NCAA,* Civil Action No.97–131, 1999 WL 447313, at *5, 1999 U.S. Dist. LEXIS 9706, at *13 (E.D.Pa. July 1, 1999); *Caputo v. Fauver,* 800 F.Supp. 168, 169 (D.N.J.1992). Carefully examining all of these factors, the Court concludes that all of the necessary elements are met, and that conditional certification of the class is therefore appropriate.

For class certification, the following prerequisites must be met: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). "The requirements of Rule 23(a) are meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." *Baby Neal,* 43 F.3d at 55. The Court must also determine if the class meets the requirements of one of the sections of Rule 23(b). *Amchem Prods.,* 521 U.S. at 613–14, 117 S.Ct. 2231. Plaintiff seeks certification pursuant to Rule 23(b)(2). The Court will examine each requirement in turn.

### A. *Numerosity*

■ The prospective class satisfies the numerosity requirement. The prospective class involves approximately 129 individuals in Baltimore, Maryland, and six other locations nationwide. The size and geographical dispersion of the proposed class makes joinder impracticable, thus meeting the numerosity requirement. *See Eisenberg*, 766 F.2d at 785–86; *McMahon Books, Inc. v. Willow Grove Assoc.*, 108 F.R.D. 32, 35 (E.D.Pa. 1985).

### B. *Commonality*

■ The commonality requirement is satisfied if the named plaintiff shares at least one question of fact or law with the grievances of the prospective class. *See Baby Neal*, 43 F.3d at 56. Rule 23(b)(2) classes seeking injunctive relief "by their very nature often present common questions satisfying Rule 23(a)(2)." *Id.* (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1763 at 201 (1986)). Plaintiff's case involves both legal and factual questions that are common to the class claims. The alleged events and courses of conduct involved in this case are the same with respect to all of the prospective class members. The allegations involve systematic and systemic discrimination on the basis of age. While there may be some factual differences relating to individual employees' employment, these differences are not significant enough to destroy commonality.

### C. *Typicality*

■ "The concepts of commonality and typicality are broadly defined and tend to merge." *Baby Neal*, 43 F.3d at 56. The "typicality" and "commonality" prerequisites of Rule 23 do not require that all of the putative class members share identical claims. *Eisenberg*, 766 F.2d at 786. "Typicality entails an inquiry whether the named plaintiff's individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Id.* (citations omitted). The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals. *Id.* at 57. This requirement does not mandate that all putative class members share identical claims. *Id.* at 56 (citations omitted). The representative's claims "only need be sufficiently similar to allow the court to conclude that (1) the representative will protect the interests of the class, and (2) there are no antagonistic interests between the representative and the proposed class." *In Re Glassine & Greaseproof Paper Antitrust Litigation*, 88 F.R.D. 302, 304 (E.D.Pa.1980). Any "atypicality or conflict must be clear and must be such that the interests of the class are placed in significant jeopardy." *Sley v. Jamaica Water & Utilities, Inc.*, 77 F.R.D. 391, 395 (E.D.Pa.1977).

■ The Court concludes that Duffy's claims are typical of those of the class under Rule 23. The Plaintiff has a strong interest in proving the allegations that lie at the heart of the class members' claims of discrimination, because they are substantially similar to those lying at the heart of his own discrimination claim. There are no apparent antagonistic interests between the representative and the proposed class that would suggest a lack of typicality.

### D. *Adequacy of Representation*

■ The adequacy of representation requirement encompasses two distinct inquiries designed to protect the interests of absentee class members. First, it "tests the qualifications of the counsel to represent the class." *In re GMC Pick–Up Truck Fuel Tank Prods. Liab. Litigation*, 55 F.3d 768, 800 (3d Cir.1995). Second, it "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Prudential Ins. Co. Sales Practices Litigation*, 148 F.3d 283, 312 (3d Cir.1998).

With respect to the first inquiry, the Court must be satisfied that the proposed class representatives "and their attorneys will competently, responsibly and vigorously prosecute the suit . . ." *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). The Plaintiff's attorney must be qualified, experienced, and generally

able to conduct the proposed litigation. *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 247 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415 (1975). In this case, there is no indication that counsel lacks the skill or experience to undertake the litigation, and the Court is satisfied that counsel will competently, responsibly, and vigorously prosecute the suit. *See Fisher Brothers v. Mueller Brass Co.,* 102 F.R.D. 570, 577 (E.D.Pa.1984).

To be an adequate representative, the named representative may not have interests that conflict with or are antagonistic to the interests of other class members. *Lowe v. Bindley Western Indus., Inc.,* Civil Action No. 85–6322, 1986 WL 2454, at *1, 1986 U.S. Dist. LEXIS 29190, at *2–3 (E.D.Pa. Feb. 19, 1986). With respect to the second inquiry, the Court determines there is no discernable conflict between the named Plaintiff's interests and the interests of the other class members. The Court is, accordingly, satisfied that Duffy will adequately represent the interests of the absentee class members.

### E. *Injunctive Relief*

 Finally, Rule 23(b)(2) of the Federal Rules of Civil Procedure governs the proposed class action in this case. Under the rule, class action is maintainable if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ..." Fed.R.Civ.P. 23(b)(2). Subsection (b)(2) class actions are "limited to those class actions seeking primarily injunctive or corresponding declaratory relief." *Barnes v. American Tobacco Co.,* 161 F.3d 127, 142 (3d Cir.1998). The (b)(2) class "serves most frequently as the vehicle for civil rights actions and other institutional reform cases that receive class action treatment." *Id.* (citing *Baby Neal,* 43 F.3d at 58–59). Indeed, (b)(2) was "designed specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons." *Id.*

Rule 23(b)(2) clearly applies to this case of alleged intentional age discrimination. The Defendants are alleged to have re-assigned duties, manipulated job descriptions, and refused to upgrade pay grades for unlawfully discriminatory reasons. These alleged actions and refusals are generally applicable to the class, and thus make injunctive relief appropriate to the class as a whole. The Court determines that the action falls squarely within Rule 23(b)(2).

## VI. Conclusion

The Court concludes that Plaintiff has met the administrative exhaustion requirements to support this litigation, and finds that the proposed class meets all of the prerequisites of Federal Rule of Civil Procedure 23(a) and the requirements of Rule 23(b)(2). Accordingly, the Court conditionally certifies the class for the purpose of seeking injunctive relief under Rule 23(b)(2). An appropriate Order follows.

### *ORDER*

**AND NOW,** this 15th day of June, 2001, upon consideration of Plaintiff Duffy's Motion to Certify Class (Doc. No. 43), the Government's Opposition Memorandum, and Plaintiff's Reply Memorandum, the Court hereby determines that the proposed class action meets the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2). **IT IS HEREBY ORDERED** that Plaintiff's Motion to Certify Class is **GRANTED.** Specifically, it is **ORDERED** as follows:

1. The class shall be constituted as follows:

> All Reconsideration Non–Disability Examiners and Reconsideration Reviewers over the age of 40 who were employed with the Social Security Administration's Office of Disability Operations ("ODO") in Baltimore, Maryland and in six other Program Centers nationwide on or after March 20, 1995, and who did not have their positions upgraded to GS–12 by SSA after SSA's implementation of the GS–105 Series standard.

2. Richard Duffy is appointed the representative plaintiff for the Class.

3. The law firms of Wickwire Gavin, P.C.; Kohn, Swift & Graf, P.C.; and the Law

Offices of William Aramony are appointed to serve as counsel for the Class.