Salena OSLAN, Plaintiff,

v.

COLLECTION BUREAU OF HUDSON VALLEY, Defendant.

Civ.A. No. 01–2173.

United States District Court, E.D. Pennsylvania.

Feb. 21, 2002.

James A. Francis, Mark D. Mailman, Francis & Mailman, P.C., David A. Searles, Michael D. Donovan, Donovan Searles, LLC, Philadelphia, PA, for plaintiff.

Jonathan D. Herbst, Margolis Edelstein, for defendant.

## MEMORANDUM AND ORDER

SCHILLER, District Judge.

### I. BACKGROUND

Before this court is a motion to certify a class action against defendant Collection Bureau of Hudson Valley ("CBHV"). For the reasons set forth below, the motion is granted.

According to the complaint, CBHV is in the business of collecting debts. On May 19, 2000, defendant sent to Ms. Oslan a collection or "dunning" letter which attempted to coerce the plaintiff into paying debts which she owed to First Consumers National Bank. The letter read, in part:

TO TAKE ADVANTAGE OF THIS GREAT OPPORTUNITY TO HELP RE-STORE YOUR CREDIT, SEND 75% OF THE AMOUNT DUE OR CALL U.S. AT OUR PHONE NUMBER LISTED BELOW.

On July 18, 2000, defendant mailed another dunning letter which read in part:

IMPORTANT: This is a Notice of Intent, the purpose of which is to advise you that your delinquent account described below is about to be entered into the credit reporting files of EQUIFAX CREDIT INFORMATION SERVICES and TRANS UNION CORP nationwide credit reporting agencies.

\* \* \* \* \* \*

Your name will be submitted within thirty days of the file date shown above. WARNING: You should be aware that a delinquency filing with a credit bureau may be injurious to your credit rating and may interfere with your ability to obtain credit for up to 6 years.

Plaintiff alleges that the letters were false, deceptive, misleading and unfair because they led the recipient to believe that her credit could be "restored" merely by repaying the debt. In particular, plaintiff alleges that her debts had already been reported as delinquent to a credit reporting agency. She asserts that sending the letters violated the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PENN. STAT. ANN. § 201–1 et seq. ("UTPCPL"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 PENN. STAT. ANN. § 2270.1 et seq. ("FCEUA"). She seeks an injunction preventing CBHV from communicating with the class members and a declaration that the defendant violated the FDCPA, UTPCPL, and FCEUA.

Plaintiff now seeks to bring her action on behalf of a class consisting of "all persons in the Commonwealth of Pennsylvania who, during the two years prior to the filing of this action, were sent collection letters substantially in the form of the letters attached to the Complaint in connection with the collection of debts incurred for non-business purposes, which letters were not returned as

undeliverable by the Postal Service." (Complaint ¶ 16; Pla. Mot. to Certify Class, Proposed Form Order).

## II. DISCUSSION

Before a class may be certified, the proponents of the putative class must demonstrate that it meets prerequisites of both Rule 23(a) and Rule 23(b). *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3d Cir.1998). At this stage, the court is not called upon to weigh the ultimate merits of the action. *See id.* Nonetheless, the court has an obligation to "probe behind the pleadings" before coming to rest on the class certification question. *Id.*

### A. Rule 23(a) Requirements

Under Rule 23(a), a proposed class must fulfill four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *In re LifeUSA Holding, Inc.*, 242 F.3d 136, 143 (3d Cir.2001). Because the commonality and typicality inquiries are intertwined, I will address them jointly.

### 1. Numerosity

■ CBHV has not contested that the proposed class should fail for want of numerosity, but this Court must independently examine whether class certification is possible or warranted. *See Duffy v. Massinari*, 202 F.R.D. 437, 441 (E.D.Pa.2001)(Padova, J.). "Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182 (3d Cir.2001), quoting Fed. R.Civ.P. 23(a). While no "magic number" exists, courts generally find the requirement met when the class size exceeds one hundred members. *Smith v. Berg*, No. 99–cv–2133, 2001 WL 1169106, 2001 U.S. Dist. LEXIS 15814 (E.D.Pa. Oct. 1, 2001)(O'Neill, J.). CBHV admits that it mailed 941 letters similar to the May 19, 2000 letter to Pennsylvania residents and 740 letters akin to the July 18, 2000 letter. (Resp. to Mot. to Certify Class Ex. A). Either number suffices for the numerosity requirement.

### 2. Commonality and Typicality

■ Plaintiff's claims are also common to and typical of the class. The commonality requirement is met where the named plaintiff shares "at least one question of fact or law with the grievances of the prospective class." *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir.2001)(quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir.1994)). The typicality inquiry turns on whether "the named [plaintiff's] individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Id.* (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir.2001)). Defendant maintains that Ms. Oslan's grievances are not common or typical of the class because Ms. Oslan's claim is predicated on the fact that notice of her delinquent debts had already been sent to Equifax and Transunion, two credit reporting services prior to receiving the letter from CBHV. The defense contends that this renders the plaintiff atypical of the class, and that her claim is not common to class members.

■ However, Ms. Oslan also posits claims common to the class and typical of it. She alleges that letters mailed to the class similar to the one she received dated May 19, 2000 are false and misleading because they "communicated to the least sophisticated consumer that there already existed a bad credit report concerning the consumer, and that payment of a portion of the delinquency would result in a clean credit record." (Pla. Reply in Support of Mot. to Certify Class at 5). This claim is common and typical of putative class members.

Similarly, the July 18 letter or communications akin to it were mailed to Ms. Oslan and putative class members. Plaintiff now claims that such letters falsely and deceptively threaten that debtors' delinquent accounts will be submitted to Equifax and Trans Union if payment was not received within thirty days when, in fact, CBHV did not make such a report. The letters also allegedly incorrectly represented the debt would be reportable by Equifax and Trans Union for six

years when in fact they could be reported for up to seven years. In addition, a threat to report such debts implies that the debt had not yet been reported; plaintiff asserts that she will be able to prove that some or all members of the putative class already had their debts reported to Equifax or Trans Union prior to receiving the CBHV letters, rendering the threat misleading. One may doubt the ultimate merit of these claims, but this court does not inquire into the validity of claims when deciding a motion for class certification.

### 3. Adequacy of Representation

Both Ms. Oslan and her selected counsel will adequately represent the interests of the proposed class. Ms. Oslan avers that she is resolute in pursuing CBHV for alleged violations of debt collection laws. Her counsel of choice, Francis & Mailman P.C. and Donovan Searles LLC, possess sufficient qualifications, skill, and experience in consumer law and class action practice to prosecute this suit to its conclusion. *See Duffy*, 202 F.R.D. at 442–43 (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir.1977))(proposed class representative and proposed class counsel must be able to "competently, responsibly and vigorously prosecute" suit on behalf of the class). Furthermore, I cannot discern any conflict or antagonism between Ms. Oslan and other members of the class. *See id.*

### B. Rule 23(b) Requirements

■ In addition to meeting the four requirements of Rule 23(a), a proposed class must also qualify under one of the three subpart to Rule 23(b). Plaintiff first seeks class status under Rule 23(b)(2) because CBHV has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). Such class actions are confined to

"those class actions seeking primarily injunctive or corresponding declaratory relief." *Barnes*, 161 F.3d at 142 (quoting 1 Newberg on Class Actions § 4.11, at 4–39). Plaintiff seeks a declaration that the defendant's conduct violates the FDCPA and Pa.UTCPL and an injunction against further communications between the defendant and the putative class members. (Complaint ¶¶ 31(b)–(c), 38(b)–(c)). Thus, class action treatment is warranted under Rule 23(b)(2).

■ Moreover, the class is maintainable under Rule 23(b)(3) because "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that the class action vehicle is the "superior" method to adjudicate this dispute. FED. R. CIV. P. 23(b)(3). The factual and legal issues involved are identical because each member of the proposed class received substantially similar letters from the defendant. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)("predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws"); *Fry v. Hayt*, 198 F.R.D. 461, 470 (E.D.Pa.2000)(Robreno, J.)(holding common questions of fact and law predominated where defendant sent nearly the exact same debt collection letter to all the plaintiffs). While individual questions may arise in the course of further litigation, the existence of such possible questions does not automatically preclude a finding of predominance. *See In re Prudential Ins. Co. Am. Sales Practices Litig.*, 148 F.3d 283, 314 (3d Cir. 1998).

■ This Court also finds that a class action is a superior method of adjudication.[1] The numerous members of the proposed class are unlikely to pursue CBHV for violations of the law if left to their own devices because of the small amount of damages recoverable. When weighed against the pos-

---

**1.** Factors in assessing superiority include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. FED. R. CIV P. 23(b)(3).

sibility of consolidating multiple, low-recovery suits into one action, a class action is the more efficient and preferable litigation vehicle. *See Fry,* 198 F.R.D. at 470. The proposed class action will be within judicially manageable limits and would best be pursued with all claims by Pennsylvania plaintiffs consolidated within one forum. The defendant has made no suggestion why a class action is not a superior method of adjudication of this dispute for all recipients of the letters, and no reason occurs to the Court. Consequently, this action may proceed under Rule 23(b)(3) as well.

### III. CONCLUSION

For the above reasons, Ms. Oslan's motion to certify the class is granted. An appropriate order follows.

### *ORDER*

AND NOW, this 21st day of **February, 2002,** upon consideration of plaintiff Salena Oslan's motion for Class Certification, defendant's opposition thereto, and a reply brief thereon it is hereby **ORDERED** that:

(1) Plaintiff's motion for class certification (*document no. 9*) is **GRANTED.**

(2) The class is constituted as follows: all persons in the Commonwealth of Pennsylvania who, during the two years prior to the filing of this action, were sent collection letters substantially in the form of the Letters attached to the Complaint in this action in connection with the collection of debts incurred for non-business purposes, which letters were not returned as undeliverable by the Postal Service, excluding officers and directors of the defendant.

(3) Plaintiff Salena Oslan is certified as the representative plaintiff for the class.

(4) The law firms of Francis & Mailman P.C. and Donovan Searles LLC shall serve as class counsel. Counsel shall maintain accurate records of billable time spent in pursuit of the class claims.

(5) Plaintiff shall submit a proposed form of notice to the class within thirty (30) days of the filing of this Memorandum

and Order. The defendant may file a response within fourteen (14) days thereafter.